UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANOTHER STEP FORWARD and
THE HEALING PLACE OF DETROIT, INC.,

      Plaintiffs,

                                CASE NO. 06-CV-15250-DT
                                JUDGE PAUL D. BORMAN
                                MAGISTRATE JUDGE PAUL J. KOMIVES
  v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.
_____/

**OPINION AND ORDER
(1) DENYING WEISS'S MOTION TO QUASH OR MODIFY SUBPOENA OF DR.
RICHARD WEISS (Doc. Ent. 26) and
(2) GRANTING IN PART DEFENDANT'S MOTION TO SET AN APPROPRIATE
WITNESS FEE FOR DR. WEISS (Doc. Ent. 27)**

**I.    OPINION**

**A.    Background**

This case arises from a February 18, 1995, motor vehicle accident in which defendant's insured, Michael Morgan, sustained accidental bodily injuries. Doc. Ent. 1 at 7 ¶ 11. On October 31, 2006, plaintiffs filed the instant case in Wayne County Circuit Court, alleging (I) breach of contract, (II) declaratory relief, (III) tortious interference with contractual relationship and (IV) business defamation. Plaintiffs seek an order requiring defendant to publish a retraction, as well as an award of compensatory damages, exemplary damages and costs and attorney fees. Doc. Ent. 1 at 5-14.

Defendant removed the case to this Court on November 27, 2006. On December 1, 2006, defendant filed an answer to complaint, reliance upon jury demand and affirmative defenses.

Doc. Ent. 2. Pursuant to my November 29, 2007 order, defendant was given leave to amend its affirmative defenses. Doc. Ent. 33. On November 30, 2007, defendant filed amended affirmative defenses. Doc. Ent. 34.

**B.      Motions Concerning the Video Deposition of Dr. Richard Weiss**

According to defendant, "one of Plaintiff's listed treating physicians is Dr. Richard Weiss." Doc. Ent. 27 at 2 ¶ 2. On October 5, 2007, defense counsel re-noticed the taking of Weiss's video deposition duces tecum for October 22, 2007. Doc. Ent. 26-4. The notice requests that Weiss produce "[a]ny and all medical records, documents, notes, test results, correspondence in the possession of Deponent regarding his care and/or treatment of Michael Morgan, date of birth September 14, 1952, whether or not such documents are in written or electronic form." Doc. Ent. 26-4 at 2-3.

On or about October 11, 2007, Weiss sent defense counsel a "Health Insurance Claim Form", noting that the amount of $1,000.00 for video deposition was payable in advance and that it must be submitted by October 16, 2007. Doc. Ent. 26-5. On October 15, 2007, defense counsel wrote to Weiss and stated: "We are in receipt of your bill for a video deposition wherein you are requesting that our office pay you $1,000.00. Please be advised that we have subpoenaed you as a treating provider and not as an expert witness and, therefore, will not be paying the charge." Doc. Ent. 26-6.

On October 19, 2007, Dr. Richard Weiss, represented by plaintiff's counsel, filed a motion to quash or modify subpoena. In reliance upon Federal Rules of Civil Procedure 26(b) and 30(d)(4), Weiss contends that "[d]efendant is attempting to obtain Dr. Weiss' proprietary intellectual property and opinions without compensation." Doc. Ent. 26 at 1. According to Weiss, this invoice represents "his standard fee for the taking of his 'video' deposition[.]" Doc.

Ent. 26 at 3. Further, he alleges:

> In refusing to pay for Dr. Weiss' time in responding to Defendant's questions regarding Dr. Weiss' treatment of Michael Morgan, Defendants are denying Dr. Weiss' right to establish a fee schedule for rendering deposition testimony which will necessarily call upon his knowledge, training and expertise in the area of treating individuals afflicted with complex multiple diagnoses of traumatic brain injury and psychiatric conditions.

Doc. Ent. 26 at 3. His motion "seeks an Order compelling Defendant to pay his standard rate for deposition of $500.00 per hour with a 2 hour minimum paid in advance." Weiss "seeks an Order modifying the terms of the subpoena such that his compliance with same will not result in an undue hardship and/or the unfair denial of Dr. Weiss' intellectual property rights resulting from his years training and substantial educational and professional accomplishments." Doc. Ent. 26 at 6.

On the same day, defendant filed a motion to set a reasonable witness fee. Doc. Ent. 27. Defendant's motion asks that the Court "set an appropriate witness fee for Dr. Weiss in line with the standard rate set forth in 28 U.S.C.A. § 1821 at $40 per diem, or in the alternative set a rate consistent with Dr. Weiss's standard hourly rate, not including the preparation time, for his appearance at the agreed upon deposition date." Doc. Ent. 27 at 3.

Judge Borman has referred these motions to me for hearing and determination. Doc. Ent. 30. The hearing on these motions was originally scheduled for November 16, 2007. Doc. Ent. 32. It was then rescheduled for December 7, 2007. On the date set for hearing, attorneys Christopher S.C. Webber and Elaine M. Sawyer appeared.

**C.     Analysis**

**1.     At this point, Weiss's testimony has been solicited as a treating physician and not as an expert witness; therefore, defendant need not pay him an expert witness fee for his deposition.**

**a.**     Weiss contends that the subpoena as issued "unfairly reduces Dr. Weiss' hourly rate for deposition testimony and denies Dr. Weiss of the intellectual property right represented by his substantial education, training, knowledge and experience in the areas of diagnosis, management and rehabilitation of individuals afflicted with multiple diagnoses of traumatic brain injury and psychiatric condition. Doc. Ent. 26 at 2. Weiss contends that defendant's refusal to pay him for his time denies Weiss the "right to establish a fee schedule for rendering deposition testimony which will necessarily call upon his knowledge, training and expertise in the area of treating individuals afflicted with complex multiple diagnosis of traumatic brain injury and psychiatric conditions." Doc. Ent. 26 at 3. According to Weiss, "[t]he terms of the subpoena seek to compel Dr. Richard Weiss to testify regarding issues which will necessarily call upon his knowledge, training and expertise in the area of treating individuals afflicted with complex multiple diagnoses." Doc. Ent. 26 at 3-4. Weiss further notes that he receives $500 per hour for video deposition testimony and "[a]ppearing for Deposition requires [him] to completely re-arrange his schedule, requiring him to clear a minimum of 6 hours in a day due to the unpredictable nature of litigation." Weiss claims that "[d]efendant will not be seeking to elicit opinion testimony beyond the information contained in his notes and records." Doc. Ent. 26 at 4. Weiss contends that "[r]equiring [him] to comply with the express terms of this subpoena will result in an unfair denial of Dr. Weiss' right to his intellectual property resulting from his many years of training, education and experience." Weiss further predicts that "[d]efendant's experts are likely to charge for their appearance at deposition." Doc. Ent. 26 at 6.

Relying upon Rule 26(b)(4)(C) and Section 1821, defendant contends that "treating physicians are not experts within the meaning of the rule and are not required to be paid a

4

reasonable fee for time spent in responding to discovery." Doc. Ent. 27 at 2 ¶ 4. Defendant argues that "as Plaintiff's treating physician, Dr. Weiss is only entitled to the statutory witness fee rate of $40 per diem plus mileage expenses, and not the $1,000.00 he seeks." Doc. Ent. 27 at 5.

**b.** The scope and limits of discovery are governed by Fed. R. Civ. P. 26(b). With regard to experts' trial preparation, the rule provides in part: "Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (B); and (ii) for discovery under (B), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions." Fed. R. Civ. P. 26(b)(4)(C).

Fed. R. Civ. P. 30 governs depositions upon oral examination. It provides, in part, that "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. Pro. 30(a)(1). With respect to motions to terminate or limit a deposition, Rule 30 provides:

> (A) Grounds. At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.
>
> (B) Order. The court may order that the deposition be terminated or may limit its scope and manner as provided in Rule 26(c). If terminated, the deposition may be resumed only by order of the court where the action is pending.
>
> (C) Award of Expenses. Rule 37(a)(5) applies to the award of expenses.

Fed. R. Civ. P. 30(d)(3).

Fed. R. Civ. P. 45(b) concerns service of a subpoena. In part, it provides that "[a]ny person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies. If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party." Fed. R. Civ. P. 45(b)(1). "A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." 28 U.S.C. § 1821(b).

**c.** At least one court has stated that "Rule 26(b)(4)(C) is . . . irrelevant where the proposed deponents are treating physicians, rather than experts. The compensation of treating physicians is controlled by Fed.R.Civ.P. 30(a), Fed.R.Civ.P. 45(b)(1), and 28 U.S.C. § 1821. These provisions, when read together, provide that deponents are permitted only a $40 per diem fee for attendance, plus mileage expenses." *Fisher v. Ford Motor Co.*, 178 F.R.D. 195, 197 (N.D. Ohio 1998). *See also Demar v. United States*, 199 F.R.D. 617, 619-620 (N. D. Ill. 2001) ("This Court declines to set precedent in this jurisdiction that, essentially, singles out physicians for special treatment. Rather, the more prudent course of action is to follow the unambiguous tenets of FRCP 26(b)(4)(C) and § 1821, which provide that expert witnesses- independent of their profession-obtain compensation at a 'reasonable fee', while fact witnesses- independent of their

6

profession-receive compensation at the statutory fee of $40."); *Mangla v. University of Rochester*, 168 F.R.D. 137, 139 (W.D.N.Y. 1996) ("Since Dr. Privitera is not being deposed as an expert retained for trial, he is entitled to $40 per day plus mileage and not his hourly billing rate."); *Baker v. Taco Bell Corp.*, 163 F.R.D. 348, 350 (D. Colo. 1995) ("Drs. McDowell and Bergeron-Reddix are ordinary witnesses testifying to their treatment of the patient. Dr. McDowell charged $600 for 1.5 hours of travel and deposition time. Dr. Bergeron-Reddix charged $437.50 for 1.25 hours of travel and deposition time. They were only entitled to $40 and mileage as any other witness subpoenaed for a deposition.").[1]

"Section 1821, as the Supreme Court has made clear, *Hurtado v. United States*, 410 U.S. 578, 587 n. 7[] (1973), is not designed to compensate witnesses fully for their lost time and income." *Fisher*, 178 F.R.D. at 197. "The Advisory Committee Notes to Fed.R.Civ.P. 26(b)(4)(C) point out . . . that a witness who 'was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit ... should be treated as an ordinary witness.'" *Id.*

"Courts consistently have found that treating physicians are not expert witnesses merely by virtue of their expertise in their respective fields. Only if their testimony is based on outside knowledge, not on personal knowledge of the patient and his or her treatment, may they be deemed experts." *Fisher*, 178 F.R.D. at 197. "Because treating physicians are not generally

---

[1] *But see Grant v. Otis Elevator Co.*, 199 F.R.D. 673, 676 (N. D. Okla. 2001) ("treating physicians who testify under Fed.R.Evid. 702 as to their diagnoses, treatment and prognoses are experts within the meaning of 26(b)(4)(C) and are entitled to a reasonable fee."); *Coleman v. Dydula*, 190 F.R.D. 320, 323 (W.D.N.Y.,1999) ("Based on the virtual split of authority on the issue, and considering the reasoning adopted by the courts in the cases cited, I find it appropriate in this case to direct that defendants pay Dr. Teter and Dr. Buran a 'reasonable fee' for their deposition testimony, pursuant to Rule 26(b)(4)(C).").

considered to be expert witnesses, they cannot rely on Fed.R.Civ.P. 26(b)(4)(C) to claim that they are entitled to more than other witnesses would receive for their attendance and testimony." *Id*.

**d.**     Weiss relies primarily upon *Nowlin v. Michigan Automotive Compressor, Inc.*, Nos. 219045, 219107, 2000 WL 33401829 (Mich. App. Nov. 14, 2000). Doc. Ent. 26 at 4-5. In *Nowlin*, the court agreed that "the trial court erred when it denied defendant's motion to compel payment of expert witness fees" pursuant to M. C. R. 2.302(B)(4)(C)(i). *Nowlin*, 2000 WL 33401829, *3. In so doing, the court noted:

> Defendant hired Dr. Forsythe before any litigation commenced to give his opinions concerning plaintiff's medical condition. A review of Dr. Forsythe's deposition testimony reveals that plaintiff asked Dr. Forsythe's opinion beyond what the doctor had already reported in his letters to defendant. Plaintiff asked the doctor about his opinions and conclusions regarding plaintiff's medical condition and his ability to work. Thus, the record reveals that despite the deposition being noticed as a lay witness deposition, plaintiff deposed Dr. Forsythe as an expert, not merely as a lay witness.

*Nowlin*, 2000 WL 33401829, *4. The court concluded that, "[b]ecause defendant identified Dr. Forsythe as its expert and because plaintiff clearly solicited expert opinions from the doctor during his deposition, we find that the trial court clearly erred in finding that Dr. Forsythe was not an expert." *Nowlin*, 2000 WL 33401829, *4.

During oral argument, counsel for plaintiff/Weiss stated that counsel sought to quash the subpoena and, in the alternative, have Weiss's fee be set at $500.00 per hour. According to counsel, Weiss is a potential expert witness. Counsel suggested that, but for defendant's subpoena, plaintiff's strategy may have been to rely upon the medical records. Also, counsel contended that defendant's deposition questions will bear upon Weiss's opinion of the medical treatment received by the insured. For example, he contended that whether the treatment

received was necessary is opinion testimony.

Defense counsel stated that the deposition was noticed for discovery and that Weiss was called as a treater. According to defense counsel, defendant is not asking for expert opinion or intellectual property testimony. Furthermore, defense counsel represented its offer to pay Weiss $350 per hour for deposition.[2] Defense counsel also expressed concern about Weiss seeking to be reimbursed for a minimum amount.

Upon consideration, and as stated from the bench, I conclude that defendant does not have to pay Weiss, the treating physician, an expert witness fee at this point for his deposition. In *Nowlin*, the court had the benefit of reviewing the deposition testimony. Such is not the case here. The instant scenario, at this point, is akin to that in *Fisher*, where "[e]ach doctor ha[d] refused to appear without prior payment of a substantial fee for preparing for and attending the deposition[,]" and "there [wa]s no dispute that the physicians [we]re being called to testify as to their care and treatment of Mrs. Fisher's injuries." *Fisher*, 178 F.R.D. at 196, 198. At the present time, there is no reason to doubt defense counsel's belief that the deposition will not seek expert opinion or intellectual property testimony. Therefore, Weiss's motion to quash or modify the subpoena for his deposition is denied.

Furthermore, if use of the deposition is made at trial, this issue may be revisited and a reasonable fee may be set. In such an event, as in *Nowlin*, the Court will likely have further information to determine the exact nature of Weiss's testimony and/or the use sought to be made

---

[2]In support of this position, she cited an order of another judicial officer of this Court stating that "$350.00 is a reasonable fee, and . . . there is case law holding that a treating physician may not be entitled to a[n] expert witness fee at all." *Pakenas v. State Farm Mutual Automobile Insurance Company*, Case No. 05-60152 (E. D. Mich. Jan. 12, 2007) (Morgan, M.J.).

of it. Therefore, defendant's motion to set an appropriate witness fee for Dr. Weiss is granted in part. At this point, defendant is only required to pay Weiss the witness fees set forth in 28 U.S.C. § 1821(b). As previously noted, the issue of Weiss's compensation as an expert witness may be revisited depending upon the nature of the use of the videotape of his testimony that is made at trial.

**2. In light of my foregoing conclusion, I need not address the issue of whether Weiss would be entitled to compensation for preparation time under Fed. R. Civ. P. 26(b)(4)(C).**

**a.** In the event this Court deems Weiss to be an expert witness or entitled to an expert witness fee in accordance with Rule 26(b)(4)(C), defendant contends that it "is only required to pay expert witnesses a 'reasonable fee' for an appearance at a deposition." Doc. Ent. 27 at 2 ¶ 7. Defendant contends that Weiss is not entitled to compensation "for his time in preparing for the deposition." Doc. Ent. 27 at 5.

**b.** In this regard, defendant relies upon *Benjamin v. Gloz*, 130 F.R.D. 455, 457 (D. Colo. 1990) ("I agree with the holding of the *Rhee* case and therefore deny plaintiff's request to the extent that it seeks compensation for the time Mr. Katz spent preparing for the deposition.") and *Rhee v. Witco Chemical Corp.*, 126 F.R.D. 45, 47 (N.D. Ill. 1989) ("exclusion of 'preparation' time is supported by the lack of a provision for compensation for time spent by experts in responding to interrogatories under Rule 26(b)(4)(A)(i)."). Doc. Ent. 27 at 3 ¶ 8.

Defendant also relies upon *Brew v. Ferraro*, No. Civ. 95-615-JD, 1998 WL 34058048 (D.N.H. Sept. 1, 1998). Therein, the court stated: "Courts have generally found that the party taking the deposition is not required by Rule 26(b)(4)(C)(i) to pay for preparation time." *Brew v. Ferraro*, No. Civ. 95-615-JD, 1998 WL 34058048, *2 (D.N.H. Sept. 1, 1998). "The rationale is

that deposition preparation time is in part trial preparation for the party that retained the expert." *Brew*, 1998 WL 34058048, *2 (referencing *Rhee v. Witco Chemical Corp.*, 126 F.R.D. 45, 47 (N.D. Ill. 1989) ("An expert's deposition is in part a dress rehearsal for his testimony at trial and thus his preparation is part of trial preparation.")).

In addition to these federal court decisions, defendant relies upon Michigan Court Rule 2.302(b)(4), which governs discovery generally. Doc. Ent. 27 at 3 ¶ 9. With regard to the scope of discovery as it relates to experts' trial preparation, the rule provides, "Unless manifest injustice would result (i) the court shall require that the party seeking discovery under subrules (B)(4)(a)(ii) or (iii) or (B)(4)(b) pay the expert a reasonable fee for time spent in a deposition, but not including preparation time; and (ii) with respect to discovery obtained under subrule (B)(4)(a)(ii) or (iii), the court may require, and with respect to discovery obtained under subrule (B)(4)(b) the court shall require, the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert." M.C.R. 2.302(B)(4)(c).

**c.**     Other cases have permitted compensation for preparation time. For example, in *Hurst v. United States*, 123 F.R.D. 319, 321 (D.S.D. 1988), the court stated that "Dr. Simons [wa]s entitled to his hourly fee for the time he spent preparing himself for the deposition and the time during which he was deposed."). Also, in *Fleming v. United States*, 205 F.R.D. 188, 190 (W.D.Va. 2000), the court stated, "it is well established that time spent by an expert preparing for his or her deposition by opposing counsel is part of a reasonable fee under Rule 26(b)(4)(C)."

**d.**     It is true that "[t]here may be some cases where compensation of an expert for time spent preparing for a deposition is appropriate, such as in a complex case where the expert's deposition

11

has been repeatedly postponed over long periods of time by the seeking party causing the expert to repeatedly review voluminous documents." *Rhee v. Witco Chemical Corp.*, 126 F.R.D. 45, 47 (N. D. Ill. 1989). However, in light of my conclusion that defendant does not have to pay Weiss, the treating physician, an expert witness fee at this point for his deposition, I need not rule on whether he would be entitled to compensation for preparation time under Fed. R. Civ. P. 26(b)(4)(C). It follows that I need not address defendant's request to reduce the overall fee if my order requires Weiss to be compensated for preparation time. Doc. Ent. 27 at 7.

**3.    Likewise, I need not determine a reasonable hourly rate for Weiss's deposition.**

Defendant contends that the Court has the discretion to determine the reasonableness of a fee for Weiss's services. Doc. Ent. 27 at 3 ¶ 10. "[P]eople designated as expert witnesses have spent time, and sometimes considerable time, preparing for their testimony without respect to whether there is a deposition or not. Certainly that effort could not easily be characterized as time spent "responding to discovery." 8 Wright, Miller & Kane, Fed. Prac. & Proc. Civ.2d § 2034. "The courts have not been oblivious to these concerns in determining whether, and how much, to require that the expert be paid pursuant to Rule 26(b)(4)(C). Although the rule is mandatory in the sense that the court may not entirely refuse to direct payment, it is up to the district court to determine what is a reasonable fee." *Id*. (internal footnote omitted). "Besides requiring payment for the expert's time spent on the deposition, until 1993 Rule 26(b)(4)(C) provided the court discretion to order the discovering party to pay the other party a fair share of the fees and expenses that party incurred in obtaining facts and opinions from a testifying expert. Its decision in exercising this discretion depended on whether the discovering party was simply learning about the other party's case or is going beyond this to develop its own case. In 1993,

this power was eliminated with respect to testifying witnesses." *Id*. (internal footnotes omitted).

Defendant contends that "the expert witness fee charged by Dr. Weiss is far in excess of any reasonable hourly rate that could be charged as preparation time as well as during the actual deposition." Doc. Ent. 27 at 3 ¶ 11. In support of its argument that Weiss's $1,000.00 deposition minimum is "grossly excessive[,]" defendant relies upon *Edin v. Paul Revere Life Ins. Co.*, 188 F.R.D. 543, *547 (D.Ariz.,1999) ("Dr. Maric's deposition fees, $1400.00 for 2 hours, are grossly unreasonable. The Court FURTHER FINDS that the sum of $450.00 per hour for Dr. Maric's time for a deposition in this case is a reasonable deposition fee."); *Massasoit v. Carter*, 227 F.R.D. 264, 267 (M.D.N.C. 2005) ("in the instant case, the Court does find that a flat rate fee of $2,000.00 for a deposition, which could amount to over $600.00 per hour, is exorbitant. The expert is not like the physician who may have to block out time when he or she could see patients.") (citations omitted); *Frederick v. Columbia University*, 212 F.R.D. 176, 176 (S.D.N.Y. 2003) ("the Court finds that the demanded deposition fee of $975 per hour is unreasonable and hereby orders that it be reduced to $375 per hour. The Court further finds that Dr. Ordog may be compensated for no more than $200 per hour for travel time, and defendants are not required to provide him with first class travel and accommodations."); *Profile Products, LLC v. Soil Management Technologies, Inc.*, 155 F.Supp.2d 880, 887 (N. D. Ill. 2001) ("it is hard to believe that five years later, the time of a forensic accountant in Chicago is worth $475 an hour on a simple contract case. Profile gives me no reason to think that it is. The defendants suggest a figure of $250 an hour, which seems reasonable."). Doc. Ent. 27 at 6.

Defendant contends the Court should "set a rate consistent with Dr. Weiss's standard hourly rate, not including the preparation time, for his appearance at the agreed upon deposition

13

date." Doc. Ent. 27 at 7. In this regard, I am most persuaded by the *Barrett*[3] decision of another judicial officer of this Court and would otherwise direct counsel to confer and agree upon Weiss's actual "regular hourly rate for professional services" in the event that the deposition testimony solicited from him goes beyond that of a treating physician and extends to that of an expert.

However, for the reasons stated in Section I.C.2 of this opinion, I need not address the reasonableness of Weiss's requested rate at this time.

**II.	ORDER**

In accordance with the foregoing, Richard Weiss, Ph.D.'s motion to quash or modify subpoena (Doc. Ent. 26) is DENIED and defendant's motion to set a reasonable witness fee (Doc. Ent. 27) is GRANTED IN PART.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: 12/10/07

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

---

[3]"An expert's regular hourly rate for professional services is presumptively a reasonable hourly rate for deposition." *Barrett v. Nextel Communications, Inc.*, No. 04-CV-74556-DT, 2006 WL 374757, *2 (E. D. Mich. Feb. 16, 2006) (Majzoub, M.J.).

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on December 10, 2007.
>
> <u>s/Eddrey Butts</u>
> Case Manager