UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANOTHER STEP FORWARD, et al.,

           Plaintiffs,

                                    CASE NO: 06-CV-15250

-vs-

                                    PAUL D. BORMAN
STATE FARM AUTOMOBILE          UNITED STATES DISTRICT JUDGE
INSURANCE CO.,

           Defendant.
_____ /

## OPINION AND ORDER STAYING ACTION

The matter before the Court is Defendant State Farm Mutual Automobile Insurance Company ("Defendant") January 2, 2008, Motion for Summary Judgment. On February 5, 2008, Plaintiffs Another Step Forward and The Healing Place of Detroit's ("Plaintiffs) responded. In light of the briefing, the Court discerns no reason for oral argument. *See* E.D. Mich. L.R. 7.1(e)(2). For the following reasons, the Court **STAYS** the present case.

**I.    BACKGROUND**

Plaintiff filed this case against Defendant, a no-fault insurer, as a result of Defendant's refusal to pay Plaintiff's requests for services rendered to the insured, Michael Morgan. Plaintiffs are Michigan corporations engaged in the business of providing rehabilitation services to individuals who suffer from traumatic brain injuries, addictive disorders and psychiatric disorders. (Compl. ¶ 1). Defendant is an Illinois Insurance Company with its principle place of business in the city of Bloomington, Illinois. (Removal ¶ 4).

On February 18, 1995, Defendant's insured was involved in a motor vehicle accident in

which he sustained a traumatic brain injury.[1] (Compl. ¶ 11). Morgan was insured under the terms and conditions of his automobile insurance policy and/or the Michigan No-Fault Act, Mich. Comp. Law 500.3101, *et seq.* (*Id.* ¶ 9). Morgan made a claim with Defendant under Claim number 22K129030. (*Id.* ¶ 11).

It is undisputed that Morgan suffered from a substance abuse problem before the accident. (Plf. Br. Ex. C, Special Tree Psychosocial History).

After the accident, Morgan received two hours of attendant care per day, seven days a week, pursuant to a doctors prescription. (*Id.* at 4; Ex. Q, Letter from Dr. Bittar to Defendant). On September 7, 2005, Morgan was prescribed 24-hour attendant care and directed that Morgan attend Plaintiffs' treatment facility for "specialized and intensive treatment." (Def. Br. at 3; Compl. ¶ 12). Plaintiffs are licensed as a residential substance abuse facility. (Def. Br. ¶ 8).

Morgan was admitted as an inpatient to Plaintiffs' facility on or about October 24, 2005. (Compl. ¶ 12). Plaintiffs explain that "The Healing Place treats victims of brain injury who have co-occurring substance abuse disorders." (Plf. Br. at 5). Within 30 days of admittance, Plaintiffs provided Defendant with invoices, proof of the fact and amount of medical services provided to Morgan, including his records. (Compl. ¶¶ 14-16). Plaintiffs also included instructions to contact Plaintiffs in writing if Defendant disputed the nature of the services provided. (*Id.* ¶ 16).

Plaintiffs allege that Defendant failed to tender payment or provide a written explanation for the basis of its failure to pay. (*Id.* ¶ 18).

On October 31, 2007, Plaintiffs filed a civil action in the circuit court for Wayne County, Michigan. On November 27, 2007, Defendant removed the action to this Court.

---

[1] The Court notes that Plaintiffs' also state the date of the accident is was February 16, 1995. (*See* Plf. Br. at 2).

## II.   ANALYSIS

A federal court must give a state court judgment the same preclusive effect as would be given that judgment under the law of the forum. *Migra v. Warren City Sch. Dist. Bd. of Ed.*, 465 U.S. 75, 81 (1984). Although a state court's final judgment does not preclude the federal court of jurisdiction over a federal claim arising out of the same occurrence, the doctrines of res judicata and collateral estoppel may still bar a plaintiff's claim. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292-93 (2005). Under Michigan law, the doctrine of res judicata bars a second subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first. *Adair v. State*, 470 Mich. 105, 121 (2004); *see* MCR 2.203(a) (compulsory joinder of claims).

Similarly, Michigan courts hold that collateral estoppel applies when a party can establish three elements: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel. *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 682-84 (2004).  Further, "where collateral estoppel is being asserted defensively against a party who has already had a full and fair opportunity to litigate the issue, mutuality is not required. *Id*. at 680-81.

After review, the Court finds that collateral estoppel applies in the instant case.  The essential element of this case, whether these Plaintiffs are properly licensed, and whether the lack of licensure results in the services being uncompensable under the No-Fault Act, has been previously decided by the Michigan Court of Appeals in *The Healing Place at N. Oakland Med. Ctr. v. All State Ins. Co.*, 277 Mich. App. 51, 57 (Mich. Ct. App. 2007) ("The Healing Place"), and a

motion for leave to file with the Michigan Supreme Court is currently pending.

In *The Healing Place*, Plaintiffs pursued a first party action against a no-fault insurance company disputing no-fault automobile personal protection insurance benefits. *Id*. at 53.

The insured, Edgar Naylor, had sustained a brain injury after being struck by a car while riding a bicycle. *Id*. at 54. In addition to the brain injury, Naylor also had addiction problems which predated the accident. *Id*. Naylor was eventually treated through a program offered by New Start, The Healing Place, and The Healing Place at North Oakland Medical Center. *Id*. The services he received were "part of an integrated treatment for brain injury, psychiatric disorders and substance abuse." *Id*. Allstate Insurance denied Naylor's claims for benefits based in part because it found the services were not "lawfully rendered" pursuant to the No-Fault Act. *Id*.

The essential issue in *The Healing Place* was whether the services were "lawfully rendered" under Mich. Comp. Laws § 500.3157. The Michigan Court of Appeals explained:

> the plain language of Mich. Comp. Laws § 500.3157 requires that before compensation for providing reasonable and necessary services can be obtained, the provider of treatment, whether natural person or an institution, must be licensed in order to be "lawfully rendering treatment." If both the individual and the institution were each required to be licensed and either was not, the "lawfully render[ed]" requirement is unsatisfied.

*Id*. at 58.

To this end, Allstate Insurance submitted documentary evidence which showed The Healing Place at North Oakland Medical Center was "required to be licensed as a psychiatric hospital unit, that The Healing Place had no license at all, and that New Start provided services that required a license to operate an adult foster-care facility." *Id*. at 57. Allstate also "presented the deposition testimony of Dr. Thomas Kane and Roman Frankel establishing that the services rendered were in the nature of psychiatric services and adult foster care (*i.e.* outside the operating licenses)." *Id*. at

4

58.

The Michigan Court of Appeals ultimately held that The Healing Place, The Healing Place at North Oakland Medical Center, and New Start were not properly licensed, and as a result the services at issue were not "legally rendered" under the No-Fault Act and not compensable. *Id.* at 58.

In the instant case, Defendant notes that the essential issues in these cases are "identical". (Def. Br. at 8). Plaintiffs, on the other hand, do not attempt to differentiate *The Healing Place* decision other than to argue that it was wrongly decided by the Michigan Court of Appeals. (Plf. Br. ¶ 9.).

It is clear from the record that the present case and *The Healing Place* involve identical factual circumstances: an insured with a preexisting substance abuse problem who sustains a traumatic brain injury as a result of a pedestrian-car accident, and subsequently received "integrated" therapy for both conditions primarily through The Healing Place, which resulted in a dispute over whether benefits under the No-Fault Act can be denied for improper licensure.

The Court further notes the defendant in *The Healing Place*, Allstate Insurance, brought an action in the Federal District Court for the Eastern District of Michigan against Roman Frankel New Start, Inc., The Healing Place, Ltd., Another Step Forward, Inc., THP Intensive Serv., Inc., Thomas Kane, and Bruce Leissien, alleging: 1) fraudulent and innocent misrepresentation; 2) unjust enrichment; 3) fraud and silent fraud; 4) practicing psychology and psychiatry without a license; 5) providing medical services without a license; 6) illegal fee splitting; 7) corporate practice of medicine; 8) civil conspiracy; and 9) breach of statutory duty. *See Allstate Ins. Co. v. Frankel*, No. 06-15382 2007 U.S. Dist. LEXIS 90831 (E.D. Mich. Dec. 11, 2007) (staying action) (unpublished).

Judge Victoria Roberts has stayed that case pending the final resolution of *The Healing Place* in Michigan State Court. *See Id.*

The Michigan Court of Appeals' docket reveals that the plaintiffs in *The Healing Place* filed a motion for reconsideration which was denied on December 12, 2007. On January 21, 2008, the plaintiffs then filed a motion for leave to file an appeal in the Michigan Supreme Court. Currently, that motion is still pending.

Although there is a lack of mutuality in the parties, this is not required in the current circumstance as Defendant seeks to assert *The Healing Place* decision defensively in this action, not offensively. *Monat*, 469 Mich. at 680-81. Further, it is clear from the Michigan Court of Appeals' decision that the determination of whether the services were "lawfully rendered" by The Healing Place is essential to the judgment. The Court finds that a final determination of this matter in the Michigan Supreme Court would be dispositive of the essential issue in this case.

## III. CONCLUSION

Therefore, in light of this procedural history, the Court finds that collateral estoppel applies to this case and **STAYS** the action pending a final decision from the Michigan Supreme Court.

**SO ORDERED.**

                                                s/Paul D. Borman  
                                                PAUL D. BORMAN  
                                                UNITED STATES DISTRICT JUDGE

Dated: April 10, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 10, 2008.

                                                    s/Denise Goodine
                                                    Case Manager