UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANOTHER STEP FORWARD and
THE HEALING PLACE OF DETROIT, INC.,

       Plaintiffs,

                           CASE NO. 06-CV-15250-DT
                           JUDGE PAUL D. BORMAN
                           MAGISTRATE JUDGE PAUL J. KOMIVES

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendant.

_____/

## REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION FOR ATTORNEY FEES PURSUANT TO Mich. Comp. Laws § 500.3148(2) (Doc. Ent. 58)

*Table of Contents*

I.     **RECOMMENDATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**

II.    **REPORT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**
     **A.**     **The Sixth Circuit Has Affirmed This Court's Grant of Summary Judgment.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**
     **B.**     **Defendant Requests Reimbursement for Costs and Attorney Fees.** . . . . . . . . **5**
     **C.**     **Defendant's Motion for Attorney Fees is Timely under E.D. Mich. LR 54.1.2(a).** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5**
     **D.**     **However, the Court Should Deny Defendant's Motion for Attorney Fees under Mich. Comp. Laws § 500.3148(2).** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**
           **1.**     **Defendant has not shown its entitlement to an award of $62,655 in attorney fees.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **10**
           **2.**     **Defendant is not entitled to an award of $2,235 in paralegal fees.** . . **30**
           **3.**     **Defendant is not entitled to an award of $5,522.58 in expenses.** . . . . **31**

III.   **NOTICE TO PARTIES REGARDING OBJECTIONS** . . . . . . . . . . . . . . . . . . . . . . **33**

I.    **RECOMMENDATION:** The Court should deny defendant's motion for attorney fees pursuant to Mich. Comp. Laws § 500.3148(2).  Doc. Ent. 58.  Specifically, the Court should conclude that defendant has not shown its entitlement to an award of attorney fees under Mich. Comp. Laws § 500.3148(2).  Furthermore, the Court should conclude that paralegal fees and expenses are not compensable under Mich. Comp. Laws § 500.3148(2).

II.   **REPORT:**

A.    **The Sixth Circuit Has Affirmed This Court's Grant of Summary Judgment.**

This case arises from a February 18, 1995, motor vehicle accident in which defendant's insured, Michael Morgan, sustained accidental bodily injuries.  Doc. Ent. 1 at 7 ¶ 11.  On October 31, 2006, plaintiffs Another Step Forward and the Healing Place of Detroit, Inc., described as "Michigan Corporations engaged in the business of providing rehabilitation services to individuals suffering from traumatic brain injury, addictive disorders and/or psychiatric disorders in the State of Michigan," Doc. Ent. 1 at 6 ¶ 1, filed the instant case in Wayne County Circuit Court against defendant State Farm Mutual Automobile Insurance Company.  Plaintiffs allege (I) breach of contract, (II) declaratory relief, (III) tortious interference with contractual relationship and (IV) business defamation.  Plaintiffs sought an order requiring defendant to publish a retraction, as well as an award of compensatory damages, exemplary damages and costs and attorney fees.  Doc. Ent. 1 at 5-14.

Defendant removed the case to this Court on November 27, 2006.  On December 1, 2006, defendant filed an answer to the complaint, reliance upon jury demand and affirmative defenses.  Doc. Ent. 2.  Pursuant to my November 29, 2007 order, defendant was given leave to amend its affirmative defenses.  Doc. Ent. 33.  On November 30, 2007, defendant filed amended affirmative defenses, wherein defendant maintains "[t]hat [its] alleged refusal to pay benefits to

the Plaintiffs was reasonable and the Plaintiffs' claim is in some respects fraudulent or so excessive as to entitle the Defendant to attorney fees pursuant to § 3148(2) of the Michigan No-Fault Act, a demand for which is hereby made[.]"  Doc. Ent. 34 at 2-3 ¶ 10.

On January 2, 2008, defendant filed a motion for summary judgment, wherein it argued:

(1)     Plaintiffs' Count I - breach of contract cannot be maintained as there is no evidence of any contractual relationship between plaintiffs and defendant.

(2)     Plaintiffs were not properly licensed to render the treatment they gave, and the services were therefore not 'lawfully rendered' pursuant to [Mich. Comp. Laws §] 500.3157.[1]

(3)     Plaintiffs' Count III - tortious interference with a contractual relationship should be dismissed, because plaintiffs cannot establish that any defamatory statements were made by defendant regarding plaintiffs' licensure; defendant has a qualified privilege to disclose such information, and it has been determined to be true.

(4)     Plaintiff's Count IV - business defamation should be dismissed because plaintiff cannot establish that any defamatory statements allegedly made by defendant's employees regarding plaintiff's licensure were published to any third parties.

Doc. Ent. 36 at 6.  In addition to these arguments, defendant's brief in support of the motion contains a fifth argument - that defendant "is entitled to costs pursuant to [Fed. R. Civ. P.] 11(c) as plaintiffs' complaint relative to Counts I, III and IV are frivolous as they are completely devoid of any legal merit."  Doc. Ent. 36-2 at 13.

---

[1]The Insurance Code of 1956 provides, in part, that "[a] physician, hospital, clinic or other person or institution lawfully rendering treatment to an injured person for an accidental bodily injury covered by personal protection insurance, and a person or institution providing rehabilitative occupational training following the injury, may charge a reasonable amount for the products, services and accommodations rendered. The charge shall not exceed the amount the person or institution customarily charges for like products, services and accommodations in cases not involving insurance."  Mich. Comp. Laws § 500.3157 ("Charges for products, services, and accommodations in treating injured persons").

On April 10, 2008, Judge Borman entered an opinion and order which found that collateral estoppel applied to the case and stayed the case "pending a final decision from the Michigan Supreme Court [in *Naplor*[2]]." Doc. Ent. 48 at 6. The Michigan Supreme Court denied the application for leave to appeal on July 23, 2008. *Healing Place at North Oakland Medical Center v. Allstate Insurance Company*, No. 135670, 482 Mich. 880, 752 N.W.2d 463 (2008).[3]

On November 25, 2008, defendant filed a motion to lift the stay of proceedings and motion for determination of summary judgment. Doc. Ent. 50.[4] On March 30, 2009, Judge Borman entered an opinion and order lifting the stay and granting defendant's motion for summary judgment. Doc. Ent. 54. On the same day, the Clerk of the Court entered judgment for defendant, stating "IT IS ORDERED AND ADJUDGED that Plaintiff(s) take nothing, the action be dismissed on the merits, and the Defendant(s) recover of the Plaintiff(s) all applicable costs of

---

[2]Edgar Naylor was a plaintiff in *Healing Place at North Oakland Medical Center v. Allstate Insurance Company* (Mich. App. Case No. 272960 / Mich. No. 135670).

[3]In *Naylor*, the Court of Appeals entered an opinion on October 23, 2007. *Healing Place at North Oakland Medical Center v. Allstate Insurance Company*, 277 Mich. App. 51 (2007). It also entered an order denying the motion for reconsideration on December 12, 2007. On July 23, 2008, the Supreme Court denied the January 22, 2008 application for leave to appeal. *Healing Place at North Oakland Medical Center v. Allstate Insurance Company*, No. 135670, 482 Mich. 880, 752 N.W.2d 463 (2008).
Judge Borman's April 10, 2008 opinion and order staying action also mentions *Allstate Insurance Company v. Roman Frankel New Start, Inc.*, No. 2:06-cv-15382-VAR-DAS (E.D. Mich.), regarding which the Sixth Circuit recently stated: "If the parties believe that this court's decision in *Another Step Forward v. State Farm Auto. Ins. Co.*, Case No. 09-1551, will be dispositive of some or all of the issues in the present case, the most efficient procedure would be for the parties to agree to stay further proceedings in the district court pending a decision in that case." *In re Allstate Insurance Company*, No. 09-105 (6th Cir. Feb. 1, 2010). On April 13, 2010, Judge Roberts entered a stipulated order for dismissal without prejudice. Case No. 06-15382 (Doc. Ent. 104).

[4]Judge Borman heard oral argument on February 18, 2009, and the transcript of the hearing has been filed. Doc. Entries 65 and 66.

this action." Doc. Ent. 55.

Plaintiffs appealed the Court's judgment. Doc. Entries 59 and 60. However, the Sixth Circuit recently affirmed "the district court's grant of summary judgment to State Farm on all claims." Doc. Ent. 67 at 5; *Another Step Forward v. State Farm Mutual Automobile Insurance Company*, No. 09-1551 (6th Cir. Mar. 4, 2010). The mandate issued on April 27, 2010. Doc. Ent. 68.

**B.     Defendant Requests Reimbursement for Costs and Attorney Fees.**

On April 27, 2009 - after this Court entered judgment but the day before plaintiffs' notice of appeal was filed with this Court - defendant filed two matters. First, defendant filed a bill of costs in the amount of $1,168.20, comprised of $370 in Fees of the Clerk ($350 for removal fee and $20 for docket fee) and $798.20 in Court Reporter Fees. Doc. Ent. 57. Costs in the amount of $1,168.20 were taxed against plaintiffs on April 29, 2009. Doc. Ent. 61.

Second, defendant filed a motion for attorney fees pursuant to Mich. Comp. Laws § 500.3148(2) in the amount of $70,412.58. Doc. Ent. 58 at 4.[5] Plaintiffs filed a response on May 11, 2009. Doc. Ent. 63. Defendant filed a reply on May 20, 2009. Doc. Ent. 64.

**C.     Defendant's Motion for Attorney Fees is Timely under E.D. Mich. LR 54.1.2(a).**

Defendant's Motion is based upon E.D. Mich. LR 54.1.2, Fed. R. Civ. P. 54(d)(2) and Mich. Comp. Laws § 500.3148(2). E.D. Mich. LR 54.1.2 governs Attorneys' Fees. It provides:

(a) A motion for attorneys' fees and related non-taxable expenses pursuant to Fed.R.Civ.P. 54(d)(2) must be filed no later than 28 days after entry of judgment.

(b) A motion for an award of attorneys' fees shall be supported by a memorandum

---

[5]Judge Borman has referred this motion to me for entry of a report and recommendation. Doc. Ent. 62.

brief as to the authority of the court to make such an award, and as to why the movant should be considered the "prevailing party," if such is required for the award. The motion shall also be supported by an affidavit of counsel setting out in detail the number of hours spent on each aspect of the case, the rate customarily charged by counsel for such work, the prevailing rate charged in the community for similar services, and any other factors which the court should consider in making the award. Within 14 days after filing of the motion, the party or parties against whom the award is requested shall respond with any objections thereto and accompanying memorandum setting forth why the award is excessive, unwarranted, or unjust.

E.D. Mich. 54.1.2 (June 1, 2007).

Fed. R. Civ. P. 54(d) governs costs and attorney fees. With respect to attorney fees, the

rule provides:

(A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

(B) Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:

(i) be filed no later than 14 days after the entry of judgment;

(ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

(iii) state the amount sought or provide a fair estimate of it; and

(iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

(C) Proceedings. Subject to Rule 23(h), the court must, on a party's request, give an opportunity for adversary submissions on the motion in accordance with Rule 43(c) or 78. The court may decide issues of liability for fees before receiving submissions on the value of services. The court must find the facts and state its conclusions of law as provided in Rule 52(a).
. . .

Fed. R. Civ. P. 54(d)(2) (Attorney's Fees.).

Defendant's motion is timely under E.D. Mich. LR 54.1.2(a). "Claims for attorney fees

must be made by motion. Fed.R.Civ.P. 54(d)(2)(A).  Unless a local rule governs otherwise, a motion for attorney fees must be filed no later than 14 days after entry of judgment. Fed.R.Civ.P. 54(d)(2)(B)."  *Chirco v. Charter Oak Homes, Inc.*, No. 01-71403, 2008 WL 1743343, 8 (E.D. Mich. Apr. 11, 2008) (Hood, J.).  "Effective June 1, 2007, E.D. Mich. L.R. 54.1.2 provides that a motion for attorney fees must be filed within 28 days after the entry of judgment, unless a post-judgment motion has been filed."  *Chirco*, 2008 WL 1743343, 8 n.1. *See also Mary-Jo Hyldahl v. AT & T*, No. 07-14948, 2009 WL 2567197, 4 (E.D. Mich. Aug. 17, 2009) (Ludington, J.) ("This District's local rules, however, provide twenty-eight days from 'entry of judgment' to move for attorney fees.") (citing  E.D. Mich. LR 54.1.2).

Judge Borman's opinion and order granting defendant's motion for summary judgment and the Court's judgment were entered on Monday, March 30, 2009.  Doc. Entries 54 and 55. Twenty-eight (28) days after entry of the judgment was Monday, April 27, 2009.  *See* Fed. R. Civ. P. 54.1.2(a); Fed. R. Civ. P. 6(a)(1)(c).  Here, defendant filed its motion on April 27, 2009. Doc. Ent. 58.  Therefore, it was timely filed.

**D.     However, the Court Should Deny Defendant's Motion for Attorney Fees under Mich. Comp. Laws § 500.3148(2).**

The authority for defendant's request is Mich. Comp. Laws § 500.3148 of the Insurance Code of 1956, which provides:

. . .

(2) An insurer may be allowed by a court an award of a reasonable sum against a claimant as an attorney's fee for the insurer's attorney in defense against a claim that was in some respect fraudulent or so excessive as to have no reasonable foundation.  To the extent that personal or property protection insurance benefits are then due or thereafter come due to the claimant because of loss resulting from the injury on which the claim is based, such a fee may be treated as an offset against such benefits; also, judgment may be entered against the claimant for any

amount of a fee awarded against him and not offset in this way or otherwise paid.

Mich. Comp. Laws § 500.3148 ("Attorney fees").

This Court has previously addressed requests for attorney fees under Mich. Comp. Laws § 500.3148(2). *See Dunn ex rel. Albery v. State Farm Mutual Auto. Ins. Co.*, __ F.Supp.2d__, No. 08-12831, 2010 WL 2720923, *18 (E.D. Mich. July 8, 2010) (Zatkoff, J.) ("Under the plain and unambiguous language of § 500.3148, counsel for an insured is entitled to attorney fees when benefits are 'overdue,' and counsel for an insurer is entitled to attorney fees when the insured's claim was 'in some respect fraudulent or so excessive as to have no reasonable foundation.'"); *Wynn v. State Farm Mut. Auto. Ins. Co.*, No. 06-10534, 2009 WL 1600691, 1 (E.D. Mich. June 8, 2009) (Cohn, J.) (In an order denying defendant's motion for attorney fees under Mich. Comp. Laws § 500.3148(2), "[f]ailure of proofs at trial sufficient to persuade a jury of liability is not the same as an absence of proofs. Between February 07, 2006, the date this case was removed to federal court, and April 22, 2009, the date of the jury verdict, the docket reflects over 100 entries. Twice summary judgment was denied defendant. Considering the totality of the circumstances, it cannot be said that plaintiff's claim for attendant care expenses was fraudulent or excessive."); *Franklin v. State Farm Mut. Auto. Ins. Co.*, No. 04-40286, 2006 WL 3343742, 2 (E.D. Mich. Nov. 17, 2006) (Gadola, J.) ("Accordingly, instead of the $485,000.00 Plaintiffs claimed, this Court found that Plaintiffs were entitled to recover nothing from Defendant. Having considered the circumstances of this case, the Court finds that Plaintiffs' claim for $485,000.00 is 'so excessive as to have no reasonable foundation.' *See* M.C.L. § 500.3148(2).").

So has the Court of Appeals of Michigan addressed requests for attorney fees under

Mich. Comp. Laws § 500.3148(2). *See, i.e., Bristol West Ins. Co. v. Smith, No. 264693*, 2007 WL 397161, 3 (Mich.App. Feb. 6, 2007) ("plaintiff was not entitled to summary disposition under MCR 2.116(I)(2), and there is no basis for finding that intervening plaintiffs' claims were fraudulent or so excessive as to have no reasonable foundation to entitle plaintiff to attorney fees under MCL 500.3148(2)."); *Johnson v. Farmers Ins. Exchange*, No. 258731, 2006 WL 1652587, 5 (Mich.App. June 15, 2006) (regarding defendant's motion for attorney fees under Mich. Comp. Laws § 500.3148(2), "[a]lthough defendant prevailed on its counterclaim, it was also found liable for some of the benefits plaintiff raised in his complaint. Therefore, defendant did not prevail in full and could not recover attorney fees."); *Stoops v. Farm Bureau Ins. Co.*, Nos. 260454 & 261917, 2006 WL 751404, 8 (Mich.App. Mar. 23, 2006) ("In sum, we are not left with a definite and firm conviction that the trial court clearly erred by awarding defendant attorney fees under § 3148(2)."); *Robinson v. Allstate Ins. Co.*, Nos. 244824 & 245363, 2004 WL 1057811, 1 (Mich.App. May 11, 2004) ("a $4000 verdict on an $82,000 claim is evidence that the jury found that plaintiff's claim 'was in some respect fraudulent or so excessive as to have no reasonable foundation,' and remand for the 'award of a reasonable sum.' MCL 500.3148(2)."); *Gliniecki v. State Farm Mut.*, No. 238144, 2003 WL 21464810, 4 (Mich.App. June 24, 2003) (affirming trial court's denial of attorney fees under Mich. Comp. Laws § 500.3148(2), "plaintiff's claims could not be characterized as being without reasonable foundation because there was a medical justification that could have been furnished and plaintiff was going to furnish a rationale for her claims."); *Lumaj v. State Farm Ins. Co.*, No. 217146, 2000 WL 33389750, 2 (Mich.App. Dec. 26, 2000) ("considering the amount of the mediation award and the jury verdict, plaintiff's claim did not rise to a level 'so excessive as to have no

reasonable foundation.' MCL 500.3148(2); MSA 24.13148(2).”); *Hensley v. Contintental Western Ins. Co.*, Nos. 210649 & 214143, 2000 WL 33534670, 8 (Mich. App. Feb. 1, 2000) (regarding defendant’s argument that plaintiff’s claim was excessive under Mich. Comp. Laws § 500.3148(2), the court stated, “[w]e agree with the trial court that in view of this mediation award for almost three times Continental's settlement offer, the assertion that plaintiff's claim was excessive must fail.”).

Defendant filed the instant motion for attorney fees “[b]ased upon Plaintiff’s misrepresentations, that they were licensed to provide services for which they were claiming benefits[.]” Doc. Ent. 58 at 8. Specifically, defendant seeks an award in the amount of $70,412.58 “in attorney[] fee[s] and reasonable nontaxable expenses.” Doc. Ent. 58 at 4 ¶ 12. This request is comprised of $62,655 in attorney fees, $2,235 in paralegal fees and $5,522.58 in expenses.

**1.      Defendant has not shown its entitlement to an award of $62,655 in attorney fees.**

**a.      Defendant’s Motion.** Defendant points out that its January 2, 2008 summary judgment motion was filed “[a]fter discovery was conducted in this matter[.]” Doc. Ent. 58 at 2 ¶ 4.[6] According to defendant, plaintiff sought damages of approximately $205,000, but the Court entered judgment in the amount of $0.00. Doc. Ent. 58 at 3 ¶ 8. In addition to the aforementioned *Franklin* and *Robinson* decisions, defendant relies upon *Healthcall of Detroit, Inc. v. State Farm Mut. Auto. Ins. Co.*, 632 F.Supp.2d 676 (E.D. Mich. Apr. 13, 2009) (Whalen, M.J.), wherein this court addressed and granted a defendant’s motion for attorney fees under

---

[6]The dispositive motion deadline was January 2, 2008, and the discovery deadline was November 30, 2007. Doc. Ent. 14.

Mich. Comp. Laws § 500.3148(2), finding in part that "counsel's hourly rates ($325 for lead counsel and $225 for co-counsel) [were] reasonable, and well within the prevailing rates in this area." *Healthcall of Detroit, Inc.*, 632 F.Supp.2d at 682-683, 686. Defendant contends it is "entitled to attorney fees for defense of Plaintiff's claim which was excessive and/or fraudulent, so as to have no reasonable foundation, thereby resulting in a Judgment of 'no cause' of action." Doc. Ent. 58 at 3 ¶ 9.

Defendant seeks reimbursement for "reasonable attorney fees of $325.00/hour for James Hewson and $225.00/hour for all other attorneys on this case pursuant to a prior award by this Court [in *Healthcall of Detroit, Inc.* on April 13, 2009[.]" Doc. Ent. 58 at 3 ¶ 11.[7] Defendant's request for reimbursement for $62,655 in attorney fees is substantiated by an Itemized Invoice of Hewson and Van Hellemont, P.C. Attorney Fees, for dates ranging from November 13, 2006 - March 31, 2009. Of the 252.60 attorney hours,[8] the summary attributes 58.20 hours to Hewson ($18,915),[9] 181 hours to Sawyer ($40,725),[10] 4.2 hours to Fernandez ($945) and 9.2 hours to Silverman ($2,070). *See* Hewson Affid. ¶ 9 (Doc. Ent. 58-6 at 3) and Exhibit A, Doc. Ent. 58-6

---

[7]Hewson attests he was lead defense counsel in *Healthcall of Detroit, Inc.* Doc. Ent. 58-6 at 4 ¶ 10.

[8]The motion states that defense attorneys spent 285.70 hours on this case; however, the summary attached to defense counsel's affidavit shows 252.60 total attorney hours. *See* Doc. Ent. 58 at 3 ¶ 10; Doc. Ent. 58-6 at 3 ¶ 9; Doc. Ent. 58-6 at 36.

[9]James F. Hewson is a partner of defense counsel's law firm and has been practicing insurance defense and fraud law for more than twenty-eight (28) years. Doc. Ent. 58-6 at 3 ¶ 4. He has had a relationship with defendant State Farm for twenty (20) years and his law firm has been representing defendant State Farm since 1991. Doc. Ent. 58-6 at 3 ¶ 5. Hewson was lead counsel in the case at bar. Doc. Ent. 58-6 at 3 ¶ 6.

[10]Elaine Sawyer is an associate attorney at defense counsel's firm and was the primary Associate Attorney assigned to this case. Doc. Ent. 58-6 at 3 ¶¶ 7-8.

at 6-36.

**b.**     **Plaintiffs' Response.**  Plaintiffs respond that "Defendant has failed to make the requisite showing that the request for reimbursement of expenses incurred for the rendering of care and treatment to Defendant's insured, Michael Morgan, was 'in [some] respect fraudulent or so excessive as to have no reasonable foundation'." Doc. Ent. 63 at 1.  Plaintiffs "request entry of an Order Denying Defendant's Motion for Attorney Fees pursuant to MCL 50.3148(2) and denying taxable expenses." Doc. Ent. 63 at 4.  Alternatively, plaintiffs "request that an evidentiary hearing be scheduled to explore the reasonableness and necessity of the time claimed by Defendant in its submission to this Court given the outcome and the bases for the Court's ruling in its March 30, 2009 Opinion and Order." Doc. Ent. 63 at 14.[11]

Specifically, plaintiffs contend that defendant's January 2, 2008 motion for summary judgment relied entirely upon the October 23, 2007 decision in *Naylor* - a decision issued nearly one year after the instant October 31, 2006 complaint.  It is plaintiffs' position that "none of the discovery conducted by Defendant in this matter was reasonably necessary given the basis for Defendant's Motion for Summary Judgment and facts already known to Defendant through other

---

[11]With respect to defendant's claim that "[t]his was a fairly complex case[,]" Doc. Ent. 58 at 14, plaintiffs disagree.  Specifically, plaintiffs state:

> . . . Defendant's Motion was based entirely upon the Michigan Court of Appeals decision in the *Naylor* case and none of the attorney time, file review, etc was required or necessary to obtain the result achieved.  Therefore, an Evidentiary Hearing would further be required to determine to what extent if any, the time claimed by defendant was necessary to achieve the outcome given the complete reliance upon the *Naylor* decision for its Motion for Summary Judgment.  One could argue that the time claimed by Defendant in this case was completely unnecessary to the ultimate resolution given the Court's ruling in this matter.

Doc. Ent. 63 at 13.

litigated cases." Doc. Ent. 63 at 2 ¶ 4.

Plaintiffs take issue with what it characterizes as this Court's complete reliance upon the *Naylor* decision in its March 30, 2009 opinion and order. Doc. Ent. 63 at 2 ¶ 6.[12] Plaintiffs claim this Court has implicitly acknowledged "the preference for orderly and consistent review of licensing regulations," in support of which plaintiffs cite the portion of Judge Borman's March 30, 2009 order regarding "collateral estoppel," Doc. Ent. 54 at 4-16, specifically the subsection regarding the "[e]ffect of the Michigan Supreme Court's Recent Opinion in *Miller[ v. Allstate Ins. Co.*, 481 Mich. 601, 604, 751 N.W.2d 463 (2008)][,]" wherein Judge Borman stated:

> . . . under the Code [Mental Health Code] or the Act [Adult Foster Care Facility Licensing Act], there is not such an easily ascertainable standard that prevents an entity, like Defendant, from asserting an affirmative defense of improper licensure. Therefore, the Court finds that Defendant has statutory standing to challenge whether Plaintiff is in violation of the Act or the Code.

Doc. Ent. 54 at 15. Plaintiffs contend that the Court "missed Plaintiffs' point that the applicable

---

[12]Plaintiffs claim that "the very basis for the *Naylor* decision is currently scheduled for oral argument, upon a record more robust than *Naylor* in [*The Healing Place, Ltd. v. Farm Bureau Mutual Insurance Company of Michigan*, Case No. 286050 (Mich. App.)]." Doc. Ent. 63 at 2 ¶ 6. This case, which plaintiffs refer to as *Wallace*, involves an appeal from an order entered in Oakland County Circuit Court Case No. 2005-063954-NF. It appears that oral argument was scheduled for August 4, 2009 before the Michigan Court of Appeals.

Judge Borman's March 30, 2009 opinion (Doc. Ent. 54) notes plaintiffs' reliance on this case in their January 6, 2009 response (Doc. Ent. 52) to defendant's November 25, 2008 motion (Doc. Ent. 50), and Judge Borman concludes that plaintiffs "ha[d] not provided the Court with any detail on the *Wallace* case other than that oral argument has been set in front of the Michigan Court of Appeals." Doc. Ent. 54 at 3-4.

On August 5, 2010, the Michigan Court of Appeals held that "defendant was only entitled to summary disposition for plaintiffs' claims that related to psychiatric services provided at in the facilities at NOMC. It is not apparent from the record that all of the services rendered were delivered at NOMC. Only those services were properly rejected as 'not lawfully rendered.' Therefore, upon remand the trial court is to hold a hearing to determine whether any of the psychiatric services were provided to Wallace after the affiliation with NOMC ended." *The Healing Place, Ltd. v. Farm Bureau Mutual Insurance Company of Michigan*, No. 286050, 2010 WL 3062511, *6 (Aug. 5, 2010).

statute grants any party, including Defendant, statutory standing to challenge violation of the act or the code *within the regulatory scheme which required initial review by the regulatory agency*."  It is plaintiffs' position that "initial review by the applicable regulatory agency has never occurred, thereby, resulting in numerous inconsistent decisions on Motions for Summary Judgment based upon the *Naylor* decision."  Doc. Ent. 63 at 2-3 ¶ 6.[13]

Plaintiffs contend that "[m]ere success on a Motion for Summary Judgment does not automatically translate into an award of attorney fees under MCL 500.3148(2)."  Doc. Ent. 63 at 10.  Relying upon *Krywy v. State Farm Mut. Auto. Ins. Co.*, No. 274663, 2008 WL 1836385, 3 (Mich. App. Apr. 24, 2008)[14] and *Cooper v. Auto Club Ins. Ass'n*, 481 Mich. 399, 751 N.W.2d 443 (Mich. 2008),[15] plaintiffs contend that "Defendant has failed to make any showing that Plaintiffs intended to deceive Defendant State Farm by any representation and that Defendant State Farm reasonably relied upon any fraudulent representation to Defendant."  Doc. Ent. 63 at 3 ¶ 7.

---

[13]According to plaintiffs, "licensing is a regulatory matter and the state has a vested interest in insuring that licensing regulations are uniformly and consistently applied."  Plaintiffs contend they "have never been informed by any regulatory state agency that they lack the proper licensure to provide the services that they rendered.  Moreover, the status of Plaintiffs' licensure is a matter of public record and was actually known to State Farm for years prior to the October 31, 2006 filing of the instant case."  Doc. Ent. 63 at 9.  According to plaintiff, "the facts regarding Plaintiff's licensure . . . were not ferreted out through any of the discovery conducted in the instant case."  Doc. Ent. 63 at 13.

[14]"[D]efendant failed to meet its burden of proving that the fees were 'so excessive as to have no reasonable foundation.'  Mich. Comp. Laws § 500.3148(2). Although the charges were facially excessive for the limited work Flaherty suggested in her testimony, the trial court did not clearly err by determining that the charges had a reasonable foundation in actual work performed by CRCI staff."  *Krywy*, 2008 WL 1836385 at 3.

[15]"Insureds must 'show that any reliance on [the insurer's] representations was reasonable.'"  *Cooper*, 481 Mich. at 414, 751 N.W.2d at 451 (quoting *Foreman v. Foreman*, 266 Mich.App. 132, 141-142, 701 N.W.2d 167 (2005)).

Plaintiffs claim "there is no proof submitted to this Court that, at the time of submission, Plaintiffs' requests for reimbursement were fraudulent or excessive." In support of this statement, plaintiffs contend that their rates "were not the subject of Defendant's [January 2, 2008 dispositive motion][,] so 'excessiveness' is not an issue." Also, plaintiff notes that this case was filed on October 31, 2006, nearly one year prior to the Michigan Court of Appeals October 23, 2007 decision in *Naylor*. Referring to what it deems "the high burden of proof" required by *Cooper*,[16] plaintiffs claim that "[w]hile *Cooper* applied to an allegation of fraud against an insurer, it is inconceivable that the burden of proof would be lower for an insurer for a remedial statute such as the Michigan No-Fault Act." Doc. Ent. 63 at 3-4 ¶ 9. In other words, plaintiffs contend, "it would be logically inconsistent and inequitable to hold an injured insurer to a higher standard than an insurer when making a claim or defense of fraud." Doc. Ent. 63 at 12.

Plaintiffs claim that "there is no indication the efforts which comprise the 285.70 hours claimed by Defendant contributed in any way to the granting of Defendant's Motion for Summary Judgment." Doc. Ent. 63 at 4 ¶ 10. Plaintiff contends that "[d]efendant has not offered any evidence to support the rate for attorneys other than James F. Hewson." Doc. Ent. 63 at 4 ¶ 11.

Also, plaintiffs argue, "[d]efendant has failed to satisfy the burden required by [Mich. Comp. Laws §] 500.3148(2) and the common law requirement that any claim based upon an

---

[16]"A fraud claim is clearly distinct from a no-fault claim. First, a fraud claim requires proof of additional elements, such as deceit, misrepresentation, or concealment of material facts, and the substance of such claim is the insurer's wrongful conduct." *Cooper*, 481 Mich. at 408-409, 751 N.W.2d at 448.

allegations of 'fraud' in the No-Fault setting be based on clear and convincing evidence of both fraudulent intent and reasonable reliance." Doc. Ent. 63 at 4 ¶ 12 (citing *Cooper*). In other words, plaintiffs contend, "Defendant State Farm made no effort to prove any of the elements of fraud and there is no clear and convincing proof before this Court that any of the invoices submitted for care and treatment provided to Michael Morgan were submitted with fraudulent intent. The lack of proof on this point is fatal to Defendant's request for attorney fees." Instead, plaintiffs contend, "[t]here is no evidence that Plaintiffs had any reason to think that it was improperly licensed at any time for the reason that no regulatory agency has ever made a determination that Plaintiffs' facilities failed to possess a required license." Doc. Ent. 63 at 12.[17]

c.      **Defendant's Reply.** Defendant replies that Mich. Comp. Laws § 500.3148(2) "does not require that an insurer prove fraud by plaintiffs by clear and convincing evidence." Doc. Ent. 64 at 1. It is defendant's position that "[w]hile [Mich. Comp. Laws] § 500.3148(2) <u>does not</u> require that an insurer prove all elements of fraud committed by a plaintiff in order to establish that a claim was 'in some respects fraudulent,' if an insurer was required to prove so, it would only be required to prove so by a preponderance of the evidence." Doc. Ent. 64 at 2.

In support of its argument, defendant cites *Campbell v. Great Lakes Ins. Co. of Chicago, Ill.*, 228 Mich. 636, 640, 200 N.W. 457 (1924) ("But the jury might find, and it seems did find, on this record that there was no fraud or false swearing, avoiding the policy."), at 641 ("the instruction in question required properly but a preponderance of the evidence."); *Mina v.*

_____

[17]Plaintiffs also contend that "despite the decision in *Naylor*, several Circuit Courts have denied Motions for Summary Judgment[] that were based entirely upon the *Naylor* decision, thereby, furthering Plaintiffs' argument that the *Naylor* decision should be construed as limited to the record before the Court." I assume that plaintiffs are referring to state circuit court decisions; however, they do not provide citations. Doc. Ent. 63 at 12.

*General Star Indem. Co.*, 218 Mich.App. 678, 685, 555 N.W.2d 1, 5 (1996) ("the trial court properly followed *Campbell* and instructed the jury that defendant had to prove its defense of fraud and false swearing by a preponderance of the evidence.")[18] and *Phinney v. Perlmutter*, 222 Mich.App. 513, 557, 564 N.W.2d 532, 556 (1997) ("this Court has previously required that a plaintiff establish a claim under the WPA [Whistleblowers Protection Act] by a preponderance of the evidence."), at 563 ("Under the WPA, the plaintiff has the initial burden of establishing by a preponderance of the evidence a prima facie case of discrimination.") (citing *Hopkins v. City of Midland*, 158 Mich. App. 361, 378, 404 N.W.2d 744 (1987)).

Based upon these cases, defendant argues, "Michigan courts have long held that when fraud was raised as an affirmative defense, the defendant only has to prove the fraud by a preponderance of the evidence, unlike the higher burden of clear and convincing evidence imposed on a plaintiff in an affirmative claim." Therefore, defendant contends, *Cooper* "does not apply to the current situation." Doc. Ent. 64 at 2-3.

**d.      To begin, there is some question about the reasonableness of some of defense counsel's rates - namely, defendant's motion does not describe the years in practice of the attorneys other than Hewson.** Defendant's motion specifically states that defendant "is seeking a reasonable attorney fees of $325.00/hour for James Hewson and $225.00/hour for all other attorneys on this case" based upon Magistrate Judge Whalen's April 13, 2009 award in

---

[18]The Court of Appeals of Michigan's judgment in *Mina* was later reversed in part. *See Mina v. General Star Indemnity Company*, 455 Mich. 866, 568 N.W.2d 80 (1997) ("In light of the lack of objection to the instruction at trial, there was no manifest injustice in instructing the jury that the facts relating to the plaintiff's financial condition were material."). *See also Colby v. Zimmerman*, No. 220395, 2001 WL 1219414, *1 n.2 (Oct. 12, 2001) (*Campbell* and *Mina* "involved insurers that used fraud and false swearing as an affirmative defense to preclude recovery under insurance policies.").

*HealthCall of Detroit, Inc.* Doc. Ent. 58 at 3 ¶ 11.  Defendant also states:

> The law firm of Hewson & Van Hellemont, P.C. consists of ten attorneys, all of whom are licensed and in good standing with the State Bar of Michigan. The firm has been in existence for over 18 years, with its practice focused primarily on insurance fraud litigation.
>
> Mr. James F. Hewson, the lead attorney of this case, is a Principal Partner of the Law firm of Hewson & Van Hellemont, P.C. and has been practicing law for more than 30 years, and specifically insurance defense for more than 27 years. . . . Mr. Hewson is an experienced trial attorney with extensive experience in defending large demand and complex Michigan no-fault cases.  Mr. Hewson has had a longstanding relationship with his client, State Farm Mutual Automobile Insurance Company throughout most of those 30 years.

Doc. Ent. 58 at 13-14.  Defendants claim that the $325 hourly rate for attorney Hewson and the $225 hourly rate for the other attorneys are "consistent with the average hourly billing rate for litigation attorneys in Michigan."  Doc. Ent. 58 at 15.

The State Bar of Michigan: *2007 Economics of Law Practice Summary Report* sets forth median hourly transactional and litigation rates by firm size, by years in practice, by field of practice, by work classification and by region.  *Id*. at 17-23.  Thus, although the motion describes the size of defense counsel's law firm[19] and its field of practice as primarily "insurance fraud litigation," and although we know the location of defense counsel's firm is Oak Park, Michigan,[20] the Court is missing a piece of information - years in practice - when determining the reasonableness of the rates for attorneys Sawyer, Fernandez and Silverman, each of whom

---

[19]The top median hourly transactional billing rate for a firm size of 7-10 attorneys is $200 and the top median hourly litigation billing rate for a firm size of 7-10 attorneys is $187.50.  *See* The State Bar of Michigan: *2007 Economics of Law Practice Summary Report* at 17-18.

[20]The median hourly transactional billing rate for Oakland County is $200 and the median hourly litigation billing rate for Oakland County is $200-$205.  *See* The State Bar of Michigan: *2007 Economics of Law Practice Summary Report* at 23.

have a $225 hourly billing rate.

**e.      Also, plaintiffs challenge the amount of attorney hours for which defendant seeks**

**compensation.**  Specifically, plaintiff maintains that the discovery conducted by the defendant

was not reasonably necessary given the basis for defendant's dispositive motion and facts

defendant already knew via other cases.  Doc. Ent. 63 at 2 ¶ 4.

I note that the attachments to defendant's January 2, 2008 dispositive motion include (1)

a copy of the Michigan Court of Appeals October 23, 2007 decision in *Naylor* (Doc. Ent. 36-4

[Exhibit 1]); (2) a copy of plaintiffs' July 5, 2007 response to defendant's first request for

admissions to plaintiffs in the instant case (Doc. Ent. 36-5 [Exhibit 2]); (3) a copy of plaintiff's

October 31, 2006 complaint (Doc. Ent. 36-6 [Exhibit 3]) and (4) a copy of the transcript of the

November 9, 2007 video-taped deposition of Roman Frankel, Ph.D (Doc. Ent. 36-7 [Exhibit 4]),

which was attributed to both the instant case and Washtenaw County Circuit Court Case No. 07-

31-NF.  *See also* Doc. Ent. 36-3 (Index of Exhibits).  The brief in support of the motion refers to

Exhibit 2 within Argument II (Doc. Ent. 36-2 at 1-3), refers to Exhibit 4 in Argument III (Doc.

Ent. 36-2 at 3-10) and refers to Exhibit 4 in Argument IV (Doc. Ent. 36-2 at 10-12).

Given defendant's reliance upon plaintiff's July 5, 2007 discovery responses (Exhibit 2)

and the November 9, 2007 video-taped deposition of Frankel (Exhibit 4), the Court cannot say

that the discovery was not reasonably necessary to the success of defendant's dispositive motion.

In fact, Judge Borman's March 30, 2009 opinion and order notes the Michigan Court of Appeals'

reliance upon a deposition of Frankel in its October 23, 2007 opinion.  Doc. Ent. 54 at 5, 11

(within discussion of collateral estoppel).[21]  More importantly, Judge Borman cites the

November 9, 2007 Frankel deposition in his discussion of tortious interference with a contractual

relationship (Count III).  Doc. Ent. 54 at 20 n.5.

Also, as noted above, plaintiff contends that "there is no indication the efforts which

comprise the 285.70 hours claimed by Defendant contributed in any way to the granting of

defendant's Motion for Summary Judgment."  Doc. Ent. 63 at 4 ¶ 10.  However, I note that

several of the entries on the law firm's billing invoice refer to the motion for summary judgment.

*See*, i.e., Doc. Ent. 58-6 at 26-27.

**f.      Still, the Court need not resolve the hourly rate and the attorney hours issues,**

**because the Court should conclude that defendant has not shown its entitlement to an**

**award of $62,655 in attorney fees.**  Even applying a preponderance of the evidence standard,

defendant has not shown that plaintiffs' claims were "in some respect fraudulent" or "so

excessive as to have no reasonable foundation[.]"

**In arriving at this conclusion, I am informed by Judge Borman's March 30, 2009**

**opinion and order** which (A) lifted the stay of proceedings, Doc. Ent. 54 at 3-4; (B) determined

that "[p]laintiffs [we]re collaterally estopped from relitigating the issues decided in *Naylor*,

specifically that the Plaintiffs are not properly licensed for the services they provided and that as

a result, those services are not compensable under the No-Fault Act[,]" Doc. Ent. 54 at 4-16;[22]

---

[21]*See Naylor*, 277 Mich.App. at 58, 744 N.W.2d at 178 ("Allstate also presented the
deposition testimony of Dr. Thomas Kane and Roman Frankel establishing that the services
rendered were in the nature of psychiatric services and adult foster care (i.e., outside the
operating licenses).").

[22]Count II of the complaint, which sought declaratory relief, requested in part a
determination regarding "the applicability of the No Fault Act to Plaintiffs' claims[.]"  Doc. Ent.

and (C) granted defendant's motion for summary judgment, Doc. Ent. 54 at 16-22.

Within his analysis of defendant's motion for summary judgment, Judge Borman made three specific rulings, each of which referred to *Naylor*. First, with respect to the breach of contract claim (Count I), the Court noted that "under *Naylor*, Plaintiffs are not entitled to remuneration for the services they provided." Doc. Ent. 54 at 17-18. Second, with respect to the tortious interference with a contractual relationship claim (Count III), the Court stated, "given the *Naylor* decision, any statement made by Defendant regarding Plaintiffs' lack of proper licensure was made in good faith and not an attempt to wrongly steer defendant's insured away from Plaintiffs. That is, the conclusion reached in *Naylor*—that Plaintiffs were not properly licensed under the N[o] Fault Act—wholly supports Defendant's argument that it was acting in good faith when it informed any third parties of Plaintiffs' licensing issues." Doc. Ent. 54 at 18-21. Third, with respect to the business defamation claim (Count IV), the Court concluded that "[b]ecause, under *Naylor*, Plaintiffs were not properly licensed for the services in which they provided, [Defendants] were telling the truth when they allegedly told numerous third parties that Plaintiffs were not licensed." Doc. Ent. 54 at 21-22.

It is defendant's position that Judge Borman's primary basis for this ruling "was that Plaintiffs and their employees were not legally licensed to provide the services for which it was claiming no-fault benefits[.]" Doc. Ent. 58 at 8. However, I note that neither Judge Borman's March 30, 2009 opinion and order nor the Sixth Circuit's March 4, 2010 opinion mentions

1 at 9-10 ¶¶ 22-24.

"fraud" or "excess." Doc. Entries 54 and 67.[23]  Furthermore, I note that  defendant's motion

argued that it was entitled to costs under Fed. R. Civ. P. 11(c) on the basis that Counts I, III and

IV were frivolous, wherein defendant cited Mich. Comp. Laws § 600.2591 ("Frivolous action;

costs and fees")[24] and stated, "[g]iven the fact that Counts I, III and IV are completely devoid of

any legal merit which would serve as the basis for these counts, they are all frivolous claims and

Defendant has the right to costs for having to defend these actions."  Doc. Ent. 36-2 at 13.

However, Judge Borman's March 30, 2009 opinion and order does not mention costs, sanctions,

Fed. R. Civ. P. 11, or Mich. Comp. Laws § 600.2591.  Doc. Ent. 54.[25]

   **I am also informed by the time line of this case.**  As plaintiffs point out in their reply,

the *Naylor* opinion upon which Judge Borman's March 30, 2009 opinion and order granting

defendant's motion for summary judgment relies was decided by the Michigan Court of Appeals

on October 23, 2007 - a date well after the October 31, 2006 original filing date of this case in

state court.  Given that the only attachments to defendant's instant motion for attorney fees

pursuant to Mich. Comp. Laws § 500.3148(2) were three decisions from other cases[26] and an

_____

   [23]This is consistent with plaintiffs' claim that "the Opinion and Order granting
Defendant's Motion for Summary Judgment did not make a factual determination that Plaintiffs
presented a fraudulent claim."  Doc. Ent. 63 at 10.

   [24]"'Frivolous' means that at least 1 of the following conditions is met:  (i) The party's
primary purpose in initiating the action or asserting the defense was to harass, embarrass, or
injure the prevailing party.  (ii) The party had no reasonable basis to believe that the facts
underlying that party's legal position were in fact true.  (iii) The party's legal position was devoid
of arguable legal merit."  Mich. Comp. Laws § 600.2591(3)(a).

   [25]To be sure, as noted above, the judgment provides for defendant to recover all
applicable costs.  Doc. Ent. 55.

   [26]The *HealthCall* and *Franklin* cases, decided on April 13, 2009 and November 17, 2006,
each post-date plaintiffs' October 31, 2006 complaint.  And, the May 11, 2004 decision in
*Robinson* noted that "the jury found that plaintiff's subsequent hospitalizations were not related

22

affidavit from defense counsel to which only invoices and The State Bar of Michigan: *2007 Economics of Law Practice Summary Report* were attached, I agree with plaintiff that "there is no proof submitted to this Court that, at the time of submission, Plaintiffs' requests for reimbursement were fraudulent or excessive." Doc. Ent. 63 at 3 ¶ 9. Also, even though, as Judge Borman noted, "the Plaintiffs in *Naylor* were represented by the same attorney as in this case[,]" Doc. Ent. 54 at 8, the instant motion does not argue that plaintiffs had an obligation to change their strategy after the Michigan Court of Appeals' October 23, 2007 decision in *Naylor* - filed nearly one year after plaintiffs filed the instant case.

**Furthermore, I am informed by the substance of defendant's motion and reply.**

Within its argument that it is "entitled to an award of reasonable attorney fees pursuant to [Mich. Comp. Laws] § 500.3148(2)[,]" Doc. Ent. 58 at 10-12, defendant relies upon Judge Gadola's decision in *Franklin*, Magistrate Judge Whalen's April 13, 2009 decision in *HealthCall*, and the Michigan Court of Appeals decision in *Robinson*. Defendant also cites the Michigan Court of Appeals decision in *Beach v. State Farm Mut. Auto. Ins. Co.*, 216 Mich.App. 612, 627-628, 550 N.W.2d 580, 587 (1996).[27] After citing these cases, defendant simply states:

---

to the accident." *Robinson*, 2004 WL 1057811, *1.

[27] "Here, the trial court denied defendant's request because plaintiff's claims for wage loss and replacement service were not unreasonable, given plaintiff's treatment of those claims before and during trial. Upon reviewing the record, we believe that the trial court was not clearly erroneous in its finding of reasonableness. The absence of any jury instructions or verdict form questions regarding these damages as well as plaintiff's statements during opening arguments that he was not seeking wage-loss benefits and plaintiff's interrogatory answers that he may not be entitled to these benefits evidenced that plaintiff had abandoned his claim to these benefits. Moreover, defendant could not establish how much of the $31,000 it expended in attorney fees was directly attributable to defending against these claims. We therefore find no clear error." *Beach*, 216 Mich.App. at 627-628, 550 N.W.2d at 587.

> In this case, the Plaintiffs were seeking approximately $205,000.00 in damages, and received $0 from the Court based on the Court's Summary Judgment in favor of Defendant. The extreme difference in damages requested by Plaintiffs, versus the $0 awarded by the Court, is evidence that the damages requested were "excessive or fraudulent." Thus, it was fraudulent, or excessive in some, or all, respects. To that end, Defendant State Farm is seeking attorney fees for the entire defense of this case in the amount of $70,412.58.

Then, defendant cites defense counsel's affidavit. Doc. Ent. 58 at 10-12. Later, defendant states, "[t]he ultimate outcome of this case is most telling and significant as to why Defendant is entitled to reasonable attorney fees of $325.00 and $225.00 an hour for defense of this case. In this case, during its pendency of more than three years, Plaintiffs were seeking no-fault benefits of $205,000.00. Yet, the Court awarded Plaintiffs $0 and dismissed Plaintiffs' case on the merits!" Doc. Ent. 58 at 15.

And, in the reply, defendant states that plaintiff's claim was "so excessive as to have no reasonable foundation." Doc. Ent. 64 at 3 (citing Mich. Comp. Laws § 500.3148(2)). In support of this argument, defendant alleges that "Plaintiff was seeking damages in the form of Michigan no-fault benefits in the amount of $205,000.00, and yet, the Court granted summary judgment in favor of Defendant and awarded Plaintiff $0.00." Citing *Robinson* and *Franklin*, defendant contends that "[s]imilarly, in this case Plaintiff sought benefits in excess of $200,000.00, and the Court granted Defendant's Motion for Summary Judgment and awarded Plaintiffs $0.00." Doc. Ent. 64 at 3. Under *Franklin*, defendant contends, "Plaintiffs' claim is so excessive . . . as to have no reasonable foundation and Defendant should be awarded attorney fees." Doc. Ent. 64 at 3-4.

Essentially, defendant argues that the mere difference between the relief requested, $205,000, and the relief awarded, $0.00, warrants an award under Mich. Comp. Laws §

24

500.3148(2). However, the mere existence of this difference does not show this Court that plaintiffs' claims were "in some respect fraudulent or so excessive as to have no reasonable foundation[.]" This is buttressed by the fact that, although plaintiffs do not dispute defendant's characterization of the relief sought (Doc. Ent. 58 at 3 ¶ 8, Doc. Ent. 63 at 3 ¶ 8), it is not clear from the record how this amount was calculated. Therefore, the Court is not in a position to assess the fraudulence or excessiveness of plaintiffs' claims.

Defendant's motion also argued in support of its calculation of attorney fees. Doc. Ent. 58 at 12-15.[28] Among other cases, defendant cited Magistrate Judge Whalen's April 13, 2009 decision in *HealthCall*. Doc. Ent. 58 at 13-14. Therein, Magistrate Judge Whalen granted defendant's motion for attorney fees pursuant to Mich. Comp. Laws § 500.3148(2). *Healthcall of Detroit, Inc.*, 632 F.Supp.2d at 682-683. In so doing, he stated: "because the Defendant prevailed in 11% of the total amount claimed, it is entitled to 11% of its claimed attorney fees and costs." *Id*. at 683. However, this was a case wherein "State Farm pled an affirmative

---

[28]In support of its statement that "[w]hen awarding attorney fees, the court's primary concern is that the attorney fees must be reasonable[,]" Doc. Ent. 58 at 12, defendant cites *Blum v. Stenson*, 465 U.S. 886, 893 (1984) ("The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, authorizes district courts to award a reasonable attorney's fee to prevailing civil rights litigants."); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly."); *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995) ("In the case of private attorneys, for example, where an attorney requesting fees has well-defined billing rates, those rates can be used to help calculate a reasonable rate for a fee award.") (citing *McDonald v. Armontrout*, 860 F.2d 1456, 1459 (8th Cir.1988)) and *Smith v. Khouri*, 481 Mich. 519, 537, 751 N.W.2d 472, 483 (2008) ("In determining a reasonable attorney fee, a trial court should first determine the fee customarily charged in the locality for similar legal services."). Doc. Ent. 58 at 12.

defense of fraud[,]" and "the jury . . . found that the six submitted claims were fraudulent in nature." *Id*. at 678.[29]  By contrast, Judge Borman's March 30, 2009 opinion and order does not mention "fraud."  Doc. Ent. 54.

After citing Magistrate Judge Whalen's award of attorney fees pursuant to Mich. Comp. Laws § 500.3148(2), defendant states:

> This was a fairly complex case. There was a substantial amount of discovery involved and the taking of a number of discovery depositions, both of lay witnesses and experts, upon whose testimony Plaintiff was relying. In addition, this case required substantial time reviewing no-fault claim files and thousands of pages of medical records and documents. Countless hours were spent reviewing documents, traveling to and from depositions, meeting with doctors and witnesses, conducting legal research, and preparing motions and briefs.

Doc. Ent. 58 at 14.  Although defendant's claims about the extent of its discovery efforts may be true, defendant has not shown that plaintiff's claims were excessive or fraudulent to invoke an award of attorney fees under Mich. Comp. Laws § 500.3148(2).

To be sure, defendant's reply addresses fraudulence.  Specifically, defendant replies that "Plaintiff's claims <u>were</u> in some respect fraudulent."  In support of this statement, defendant states:

> Plaintiffs submitted a claim for no-fault expenses for Michael Morgan, which Plaintiffs knew or should have known it was not entitled to. Pl[ai]ntiffs submitted

---

[29]In *Healthcall of Detroit, Inc.*, "the jury specifically found that six of HealthCall's invoices were fraudulent in nature. The total dollar value of those six invoices was approximately $134,000, or 11% of the approximately $2,200,000 claimed by HealthCall. Conversely, the jury awarded Plaintiff 89% of the recovery it sought." *Id*. at 682.  Magistrate Judge Whalen also noted that in the *Robinson* and *Stoops* "there was an extreme difference between the claims the jury found to be fraudulent and the claims it found to be legitimate, with the fraudulent claims being significantly greater.  Here, the opposite is true:  the claims the jury found to be fraudulent constituted only 11% of the total, and the Plaintiff prevailed on the vast majority of its claims.  It defies logic to award the Defendant all of its attorney fees in a case in which the Plaintiff substantially prevailed." *Id*.

the billings to State Farm with the intention that State Farm would rely upon the representations made in those invoices and in conjunction therewith and would pay Plaintiffs based upon the misrepresentations Plaintiffs made to Defendant by submitting said invoices.

Thus, defendant maintains, "Plaintiffs attempted to commit silent fraud against Defendant, but fortunately, w[ere] stopped from doing so."  Doc. Ent. 64 at 2.

However, defendant's allegations of silent fraud do not explain why plaintiffs knew or should have known they were not entitled to payment on the claim for no-fault expenses and do not explain the alleged misrepresentations made.  Defendant does assert that it filed the April 27, 2009 motion for attorney fees "[b]ased upon Plaintiff's misrepresentations, that they were licensed to provide services for which they were claiming benefits," Doc. Ent. 58 at 8; but, as previously discussed, plaintiffs did not have the benefit of the October 23, 2007 decision in *Naylor* either at the time the claims upon which this complaint were submitted or at the time the complaint in this case was filed in state court.  *See Healing Place at North Oakland Medical Center*, 277 Mich.App. 51 at 58, 744 N.W.2d 174 at 178 ("We hold, on the existing record and as a matter of law, that the services provided by plaintiffs were not 'lawfully render[ed],' MCL 500.3157, because New Start, The Healing Place, and THP at NOMC were not licensed to perform the services rendered.").

Defendant also claims that Morgan "spent years battling alcoholism, and stayed as a patient at The Healing Place for <u>inpatient alcohol treatment</u>."  It is defendant's position that "Morgan's treatment at The Healing Place had <u>nothing</u> to do with the [February 18, 1995] auto accident or his injuries arising therefrom." Yet, defendant maintains, "Plaintiff submitted claims for benefits and included in its damages in this lawsuit expenses for Mr. Morgan's inpatient alcohol treatment with the intention that State Farm would rely on Plaintiffs' representations that

the expenses billed by The Healing Place were for reasonable and necessary expenses arising from the [February 18, 1995] auto accident." Therefore, defendant contends, "there can be no doubt that Plaintiff's claims were in 'some respect fraudulent.'" Doc. Ent. 64 at 2.

However, while it does seem incongruous that bills from defendant The Healing Place of Detroit, Inc., which defendant describes as "an inpatient alcohol treatment center[,]" Doc. Ent. 64 at 2, would result from an automobile accident - especially where, as defendant alleges, "Morgan spent years battling alcoholism," Doc. Ent. 64 at 2, defendant's specific allegations about fraud were made in its reply; therefore, plaintiffs have not had an opportunity to respond. Furthermore, the timing of the insured's battle with alcoholism is not apparent, such as its approximate onset date. Therefore, the motion papers do not provide enough information on which to conclude that plaintiffs claims were fraudulent.

For these reasons, the Court should conclude that defendant's April 27, 2009 motion and May 20, 2009 reply (Doc. Entries 58 and 64) do not show that plaintiffs' claims were "in some respect fraudulent or so excessive as to have no reasonable foundation[,]" Mich. Comp. Laws § 500.3148(2), so as to warrant an award of attorney fees.[30]

**Defense counsel's affidavit does not change my conclusion.** I note that this case was filed in Wayne County Circuit Court on October 31, 2006, it was removed to this Court on November 27, 2006, and Judge Borman granted defendant's motion for summary judgment on March 30, 2009. Defense counsel claims that "[t]his case was pending for three years before the

---

[30]Although this report occasionally cites to other parts of the record, my recommendation is based upon the instant motion papers (Doc. Entries 58, 63 and 64). I decline to treat the instant motion as a motion for summary judgment by evaluating defendant's affirmative defense of fraud beyond that which is presented here.

Court granted Summary Judgment for Defendant." Doc. Ent. 58-6 at 4 ¶ 13. Over the past few years, he claims, "this case required substantial discovery and investigation, including a number of discovery depositions of both lay and expert witnesses." Doc. Ent. 58-6 at 4 ¶ 14. Defense counsel also represents that "[t]his case . . . required substantial preparation including review of Plaintiff's No-Fault claim file and meeting with doctors and witnesses, which ultimately resulted in Summary Judgment in favor of Defendant." Doc. Ent. 58-6 ¶ 15.

There is little doubt that defendant's discovery in this case was substantial. For example, before defendant filed its January 2, 2008 motion for summary judgment (Doc. Ent. 36), defendant filed two motions to compel (Doc. Entries 15 and 29), a motion for protective order (Doc. Ent. 16), a motion to amend/correct (Doc. Ent. 19) and a motion to set a reasonable witness fee (Doc. Ent. 27). Attached to one of defendant's motions to compel is defendant's first request for production of documents to plaintiffs (Doc. Ent. 29-3). Also, the record contains a transcript of the defendant's deposition of Raymonda Jordan (Doc. Ent. 15-2 [August 23, 2007]), which is captioned for this case.[31]

Still, neither defendant's April 27, 2009 motion nor its May 20, 2009 reply illustrates the requisite fraudulence or excessiveness of plaintiff's claims to warrant an award of attorney fees under Mich. Comp. Laws § 500.3148(2). Furthermore, plaintiffs have elsewhere provided the affidavits of a psychiatrist, Gerald Shiener, M.D., and a psychologist, Denyce Girard Kerner, Ph.D, wherein they comment on the need for a psychiatric hospital license (¶ IV), the

---

[31]State Farm also took the deposition of Susan Higginbottom, which is captioned for two Washtenaw County Circuit Court cases (Doc. Ent. 42-3 [December 6, 2007]), and the deposition of Denyce Kerner, Ph.D (Doc. Ent. 53-5 [March 31, 2008]), which was captioned for this case but was completed after defendant's motion for summary judgment.

requirement of a foster care license (¶V), the existence of a license for residential care (¶ VI) and whether a rate was reasonable and customary (¶ VII/¶ VIII). Doc. Entries 41-15 & 52-9 (Shiener November 27, 2007) and Doc. Entries 41-16 & 52-10 (Kerner November 20, 2007).

Therefore, for the foregoing reasons, the Court should deny defendant's motion to the extent it seeks an award of $62,655 in attorney fees.

**2.      Defendant is not entitled to an award of $2,235 in paralegal fees.**

Defendants request reimbursement at "a reasonable rate of $75.00/hour for paralegal time[.]" Doc. Ent. 58 at 3 ¶ 11. Specifically, defendants seek reimbursement for 29.8 hours attributable to work by Moin, a paralegal, in the amount of $2,235. *See* Hewson Affid. ¶ 11 (Doc. Ent. 58-6 at 4); Exhibit A, Doc. Ent. 58-6 at 6-36. Defendant's request is substantiated by The State Bar of Michigan: *2007 Economics of Law Practice Summary Report*, which lists the median hourly billing rate for a staff paralegal at $75.00. *See* Doc. Ent. 58 at 15; Hewson Affidavit ¶ 12 (Doc. Ent. 58-6 at 4); Exhibit C, Doc. Ent. 58-6 at 41-42. *See also* The State Bar of Michigan: *2007 Economics of Law Practice Summary Report*, p. 24 "Reported Staff Salaries."

Plaintiffs respond that "[d]efendant's . . . submission includes non-reimbursable time for paralegals." Doc. Ent. 63 at 4 ¶ 10. Plaintiffs further respond that "a reasonable hourly rate for time submitted by a paralegal is [not] recoverable under [Mich. Comp. Laws §] 500.3148(2)[,]" Doc. Ent. 63 at 4 ¶ 11. It is plaintiffs' position that "the clear language of MCL 500.3148(2) is limited to 'attorney's fees[;]' [therefore,] time for paralegals would not be recoverable." Doc. Ent. 63 at 13.

Defendants reply by relying upon *Missouri v. Jenkins by Agyei*, 491 U.S. 274 (1989)

(interpreting 42 U.S.C. § 1988 "Proceedings in vindication of civil rights")[32] and *United States Football League v. National Football League*, 887 F.2d 408, 416 (2d Cir. 1989) (interpreting Section 4 of the Clayton Act, 15 U.S.C. § 15 ("Suits by persons injured")).[33] Defendant contends that reimbursement for the paralegal work "which actually reduced the amount of attorney time required to be spent on the case, should be included in the award of attorney fees to Defendant." Doc. Ent. 64 at 4.

However, after the briefing on this motion was completed, this Court stated that "[u]nder Michigan law, unless the statute provides otherwise, paralegal fees are not separately recoverable." *Pakenas v. State Farm Mut. Auto. Ins. Co.*, No. 05-60192, 2009 WL 2923046, 2 (E.D. Mich. Sept. 10, 2009) (O'Meara, J.) (referencing *Allard v. State Farm Ins. Co.*, 271 Mich.App. 394, 722 N.W.2d 268, 275 (2006)). Furthermore, this Court stated, "[t]he statute, M.C.L. 500.3148(2), does not provide for paralegal fees." *Pakenas*, 2009 WL 2923046 at 2. Accordingly, Judge O'Meara did not award paralegal fees. *Id.*

Accordingly, the Court should deny defendant's motion to the extent it seeks an award of $2,235 in paralegal fees.

**3.    Defendant is not entitled to an award of $5,522.58 in expenses.**

Defendant seeks reimbursement for the $5,522.58 in expenses allegedly associated with

---

[32]"[T]he 'reasonable attorney's fee' provided for by statute should compensate the work of paralegals, as well as that of attorneys." *Missouri*, 491 U.S. at 285. "[T]he court's decision to award separate compensation [for law clerk, paralegal and recent law graduate work] at [hourly rates of $35, $40 & $50] was fully in accord with § 1988." *Id.* at 289.

[33]"Given the Supreme Court's endorsement of billing at market rates, we hold that the hourly market rate for paralegal services in New York City is includable in the attorney's fees award in this case." *United States Football League*, 887 F.2d at 416.

"defending and preparing for trial of this case."  Doc. Ent. 58 at 3 ¶ 10.  This request is

substantiated by an Itemized Invoice of Expense Disbursements with dates ranging from May 2,

2007 - May 12, 2008 and with an amount of fees and disbursements totaling $5,522.58.

Examples of the fees listed are witness fee(s), copy fee(s), subpoena fee(s), service of process

fee(s), records fee(s), video-conference fee(s), transcript fee(s), and filing fee(s).  *See* Hewson

Affid. ¶ 16 (Doc. Ent. 58-6 at 4) and Exhibit B, Doc. Ent. 58-6 at 37-40.

　　　　Plaintiffs respond that Mich. Comp. Laws § 500.3148(2) "speaks only to recovery of

'attorney fees' not otherwise 'reasonable non-taxable expenses'."  Doc. Ent. 63 at 4 ¶ 12.  In

other words, plaintiffs contend, "there is no provision in MCL 500.3148(2) for the recovery of

expenses 'not otherwise taxable.'" Doc. Ent. 63 at 13.  Defendants reply that their "expenses

incurred in defending and prevailing in this lawsuit are reasonable attorney fees and should be

awarded pursuant to MCL §500.3148(2)."  Doc. Ent. 64 at 4.

　　　　As noted above, the statute under which defendant is seeking an award provides that

"[a]n insurer may be allowed by a court ***an award of a reasonable sum*** against a claimant ***as an***

***attorney's fee for the insurer's attorney*** in defense against a claim that was in some respect

fraudulent or so excessive as to have no reasonable foundation."  Mich. Comp. Laws §

500.3148(2) (emphasis added).  Neither defendant's motion (Doc. Ent. 58 at 4 ¶ 12, Doc. Ent. 58

at 15)[34] nor defendant's reply (Doc. Ent. 64 at 4) cites any authority for an award of expenses

_____

　　　　[34]To be sure, defendant does cite *Crawley v. Schick*, 48 Mich. App. 728, 737, 211 N.W.2d
217 (1973) ("among the facts to be taken into consideration in determining the reasonableness of
a fee include, but are not limited to, the following: (1) the professional standing and experience
of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results
achieved; (4) the difficulty of the case; (5) ***the expenses incurred***; and (6) the nature and length
of the professional relationship with the client. ") (emphasis added) and *Wood v. Detroit Auto.
Inter-Insurance Exchange*, 413 Mich. 573, 587-588, 321 N.W.2d 653, 661 (1982) (citing

under Mich. Comp. Laws § 500.3148(2). Furthermore, a conclusion that expenses are not

provided for in Mich. Comp. Laws § 500.3148(2) is consistent with this Court's ruling in

*Pakenas*, 2009 WL 2923046 at 2, that paralegal fees were not compensable under Section

500.3148(2).

Accordingly, the Court should deny defendant's motion to the extent it seeks an award of

$5,522.58 in expenses.

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific

objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 147-

48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir.

1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Filing of objections that

raise some issues but fail to raise others with specificity, will not preserve all the objections a

---

*Crawley*, 48 Mich. App. at 737). Doc. Ent. 58 at 13.
    However, a determination that the Court may consider the expenses incurred when
determining the reasonableness of counsel's attorney fee for purposes of Mich. Comp. Laws §
418.827 of the Michigan's Worker's Disability Compensation Act (*Crawley*), or for purposes of
Mich. Comp. Laws § 500.3148(1) of Michigan's No-Fault Insurance Act (*Wood*), is not the same
as a determination that an attorney's expenses are compensable under Mich. Comp. Laws §
500.3148(2), as is the issue here. This is so, because the standard in Section 500.3148(1) states
"[t]he attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if
the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in
making proper payment." *See also Healthcall of Detroit, Inc.*, 632 F.Supp.2d at 678-682
(analysis of plaintiff's motion regarding attorney fees and interest, wherein the Court cites
*Wood*), at 682-683 (analysis of defendant's motion for attorney fees under Mich. Comp. Laws §
500.3148(2), within which the Court stated, "[p]revailing parties are also entitled to costs.
*See* M.C.R. 2.625; M.C.L. §§ 600.2405, 600.2441, 600.2555, 600.2549, 600.2552.").

party might have to this Report and Recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  E.D. Mich. LR 72.1(d)(3).  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives

PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated 8/31/10

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on August 31, 2010.

s/Eddrey Butts

Case Manager