UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANOTHER STEP FORWARD and
THE HEALING PLACE OF DETROIT,

                Plaintiffs,                 Case No. 06-cv-15250

v.                                             Paul D. Borman
                                            United States District Court

                                            Paul J. Komives
STATE FARM MUTUAL AUTOMOBILE         United States Magistrate Judge
INSURANCE COMPANY,

                Defendant.
_____/

OPINION AND ORDER AFFIRMING MAGISTRATE JUDGE KOMIVES' AUGUST 31,
2010 REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION FOR
ATTORNEY FEES PURSUANT TO MICH. COMP. LAWS § 500.3148(2) (DKT. NO. 69)

Before the Court are Defendant's Objections to the Magistrate Judge Komives' August 31, 2010 Report and Recommendation Regarding Defendant's Motion for Attorney Fees Pursuant to Mich. Comp. Laws § 500.3148(2). (Dkt. No. 70.) Plaintiff did not file objections and did not respond to Defendant's objections. For the reasons that follow, the Court ADOPTS Magistrate Judge Komives' Report and Recommendation (Dkt. No. 69) and denies Defendant's motion for attorney fees pursuant to Mich. Comp. Laws § 500.3148(2) (Dkt. No. 58).

I.     BACKGROUND

Plaintiffs Another Step Forward and The Healing Place of Detroit, Inc. ("Plaintiffs") filed this action against Defendant State Farm Mutual Automobile Insurance Company ("State Farm") to collect payment for health care services that both entities provided to Michael Morgan, an individual who suffered a traumatic brain injury in an automobile accident and was insured at the

1

time under a policy issued by State Farm. It is undisputed that Morgan had a substance abuse problem that pre-dated the accident. *Another Step Forward and the Healing Place of Detroit v. State Farm Auto. Ins. Co.*, No. 06-cv-15250, 2009 WL 8796960 at * 1 (E.D. Mich. March 30, 2009) ("*Another Step Forward I*"). Following the accident, Plaintiffs provided Morgan with 24-hour attendant care in their facilities which, according to Plaintiffs, treated "victims of brain injury who have co-occurring substance abuse disorders." *Id*. Plaintiff The Healing Place of Detroit was a licensed residential substance abuse facility and Plaintiff Another Step Forward is a day program for which no licensure is available in the State of Michigan. (Dkt. No. 52, Pls. Resp. to Def.'s Mot. Summ. Judg. Ex. 5, Affidavit of Roman Frankel ¶ 8.) State Farm denied payment to Plaintiffs for services rendered to Morgan, concluding that neither facility possessed the requisite license to provide services related to brain injuries and cognitive therapy. (*Id.* at 9.) Accordingly, State Farm argued, neither Plaintiff had "lawfully rendered" services pursuant to Mich. Comp. Laws § 500.3157 and therefore neither was entitled to payment from State Farm under the Michigan No-Fault Act.[1]

On April 10, 2008, this Court stayed proceedings pending the outcome of the Michigan Supreme Court's final disposition in *Healing Place v. Allstate Ins. Co.*, 277 Mich. App. 51, 744 N.W.2d 174 (2007) ("*Naylor*"), a case involving the same Plaintiffs as the instant case and the same issue with respect to Plaintiffs' licensing status, in which the Michigan Court of Appeals concluded

---

[1] Section 500.3157 of the Michigan No Fault Act provides as follows: " A physician, hospital, clinic or other person or institution lawfully rendering treatment to an injured person for an accidental bodily injury covered by personal protection insurance, and a person or institution providing rehabilitative occupational training following the injury, may charge a reasonable amount for the products, services and accommodations rendered. The charge shall not exceed the amount the person or institution customarily charges for like products, services and accommodations in cases not involving insurance." Mich. Comp. Laws § 500.3157.

2

that these same Plaintiffs were not licensed to provide psychiatric or adult foster-care services and therefore had not "legally rendered" services under the Michigan No-Fault Act to an individual with a pre-existing substance abuse problem who suffered traumatic brain injury in an automobile accident. 277 Mich. App. at 58. On July 23, 2008, the Michigan Supreme Court denied leave to appeal the *Naylor* ruling. This Court lifted the stay in the instant action, and granted State Farm's motion for summary judgment, ruling in part that: "Plaintiffs are collaterally estopped from relitigating the issues decided in *Naylor*, specifically that the Plaintiffs are not properly licensed for the services they provided and that as a result, those services are not compensable under the No-Fault Act." 2009 WL 8796960 at * 9.

Plaintiffs appealed this Court's ruling to the Sixth Circuit Court of Appeals, which affirmed the grant of summary judgment to State Farm on all claims. *Another Step Forward and the Healing Place of Detroit v. State Farm Mut. Auto. Ins. Co.*, 367 F. App'x 648 (6th Cir. 2010) ("*Another Step Forward II*"). The Sixth Circuit affirmed without discussion this Court's rulings on Plaintiffs' breach of contract, business defamation and tortious interference claims. *Id.* at * 1. The Sixth Circuit declined, however, to reach the collateral estoppel issue, finding that Plaintiffs had failed to provide adequate evidence detailing their treatment of Morgan to sustain their statutory claim for payment under the Michigan No-Fault Act and affirming the grant of summary judgment on Plaintiffs' claim for statutory benefits on that basis. *Id.* at 649-650.

Following the Sixth Circuit's ruling, State Farm filed a timely motion in this Court to recover attorney fees under the provisions of Mich. Comp. Laws § 500.3148(2).[2] State Farm argues that

---

[2] Mich. Comp. Laws § 500.3148(2) provides as follows: "An insurer may be allowed by a court an award of a reasonable sum against a claimant as an attorney's fee for the insurer's attorney in defense against a claim that was in some respect fraudulent or so excessive as to have no reasonable

3

Plaintiffs' claim was "in some respect fraudulent" under section 500.3148(2) and that State Farm is therefore entitled to attorney's fees. This Court referred State Farm's motion for attorney's fees to Magistrate Judge Komives who issued a Report and Recommendation denying State Farm's motion, to which State Farm has filed these objections.

## II. STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir.1991).

## III. ANALYSIS

State Farm objects generally to Magistrate Judge Komives' conclusion that State Farm is not entitled to attorney's fees. Magistrate Judge Komives concluded, and this Court agrees, that State Farm "has not shown that Plaintiffs claims were 'in some respect fraudulent' or 'so excessive as to have no reasonable foundation[.]'" (Dkt. No. 69, August 31, 2010 Report and Recommendation, p.

---

foundation. To the extent that personal or property protection insurance benefits are then due or thereafter come due to the claimant because of loss resulting from the injury on which the claim is based, such a fee may be treated as an offset against such benefits; also, judgment may be entered against the claimant for any amount of a fee awarded against him and not offset in this way or otherwise paid."

4

20.)[3]  As Magistrate Judge Komives' Report and Recommendation observes, the principal basis for State Farm's request for attorney's fees is the disparity between the amount of the relief requested, $205,000, and the amount awarded, $0.00.  (*Id*. at 24-25.)  Unlike the cases relied on by State Farm in support of its conclusion that a great disparity between the amounts claimed by an insured and the amount ultimately awarded can support an award of attorney's fees, the instant case does not involve an assessment of the reasonableness of the amounts claimed as compared to an ultimate verdict.  *See, e.g. Franklin v. State Farm Mutual Auto. Ins. Co.*, No. 04-cv-40286, 2006 WL 3343742 (E.D. Mich. Nov. 17, 2006) (finding, based on the clear and plain language of the contract between the parties, that the parties never intended that defendant would be obligated to pay attendant care expenses after plaintiffs failed to make home modifications as required by the contract and that therefore plaintiffs claim for $485,000 for attendant care services was "so excessive as to have no reasonable foundation"); *Robinson v. Allstate Ins. Co.*, No. 244824, 245363, 2004 WL 1057811 (Mich. Ct. App. May 11, 2004) (finding that award of fees was appropriate where jury concluded that plaintiff's hospitalization, for which plaintiff claimed payment, was not related to the accident at issue and awarded plaintiff only $4,000 for the initial hospitalization and nothing at all for the second, unrelated hospitalization).  No such finding as to the reasonableness of the disparity alone can be made in the instant case.  Indeed, as the Sixth Circuit noted in its opinion affirming this Court's ruling on summary judgment, the record as to the specifics of Morgan's treatment is fundamentally insufficient to allow the Court to reach any conclusion as to

---

[3]Magistrate Judge Komives also discusses the reasonableness of State Farm's counsel's hourly rates as well as the reasonableness of the hours allegedly spent in defense of Plaintiffs' claims.  This Court need not address these issues, however, as it concludes that State Farm is not entitled to attorney's fees in any amount under Mich. Comp. Laws § 500.3148(2).

reasonableness. *Another Step Forward II*, 367 F. App'x at 650.

In the instant case, unlike the cases relied on by State Farm, Plaintiffs' claims were denied based upon a conclusion of law as to Plaintiffs' status as a licensed agency, not upon a finding that Plaintiffs had overreached in the nature of the services provided or in their charges for those services. Plaintiffs argued, with significant support from several experts in the relevant field, that they provide a unique service that integrates and provides a continuum of care to individuals suffering simultaneously from cognitive and addictive disorders and that they are not required to be licensed as either an adult care or a psychiatric facility. (*See* Pls.' Resp. to Mot. Summ. Judg., Exs. 5, 6, 7, 10.) In order for the Court to find that Plaintiffs' claims in this case were "in some respect fraudulent," the Court would have to conclude that Plaintiffs' legal claim as to its licensing status had no basis in law and that it pressed its arguments in this Court, and subsequently in the Court of Appeals, in bad faith. The *Naylor* case was not decided until over a year after Plaintiffs filed this lawsuit, and according to Plaintiffs, even *Naylor* was to be distinguished on its facts from the present case. In view of the fact that this Court did not impose sanctions at the summary judgment stage as requested then by State Farm, nor did the Sixth Circuit mention in its opinion bad faith or fraud in connection with Plaintiffs' legal claims, this Court concludes that Magistrate Judge Komives correctly found that State Farm has failed to establish that Plaintiffs' claims in the instant action were "in some respect fraudulent."[4]

---

[4] As discussed below, the Sixth Circuit affirmed the grant of summary judgment to State Farm on the statutory benefits issue not based on collateral estoppel but on the ground that Plaintiffs failed to provide sufficient evidence as to the specifics of Morgan's care to sustain their burden on summary judgment to establish that his care was lawfully rendered. The Sixth Circuit noted that the affidavits offered in support of Plaintiffs' to response to State Farm's motion for summary judgment, which opined that Plaintiffs' facilities were not required to have adult foster care or psychiatric facility licenses, were "of little relevance" in determining whether a license was required for

Nor can State Farm establish that the claims are unreasonable or excessive. Indeed, as recognized by the Sixth Circuit, it would be impossible to conclude, on the record that was before the Court, that as to Morgan's treatment, Plaintiff's claims were fraudulent or manufactured. The Sixth Circuit did not reach the issue of collateral estoppel because "[t]he Providers failed to meet [their burden on summary judgment] because they did not provide adequate evidence detailing their treatment of Morgan. . . . Without presenting evidence of Morgan's treatment, it was impossible for the Providers to show that the treatment was lawfully rendered." *Another Step Forward II*, 367 F. App'x at 650. *See Wynn v. State Farm Mutual Auto. Ins. Co*., No. 06-10534, 2009 WL 1600691 (E.D. Mich. June 8, 2009) (holding that "[f]ailure of proofs at trial sufficient to persuade a jury of liability is not the same as an absence of proofs," and denying State Farm's motion for attorney fees under section 500.3148(2)). Thus, on the record presented, it was not possible to determine the nature of Morgan's treatment and consequently impossible for this Court to determine that Plaintiffs'

---

Morgan's treatment because scant evidence was offered as to the specifics of Morgan's care. The Sixth Circuit then stated in dicta that the little evidence that was provided as to Morgan's care indicated that Morgan required 24-hour attendant care, treatment that typically falls within the statutory definition of adult foster care. State Farm cites this observation by the Sixth Circuit as supporting their argument that the Plaintiffs' conduct was in some respects fraudulent. (Objs. at 5-6.) This Court disagrees with State Farm's interpretation. Plaintiffs' position, as set forth in the affidavits submitted in support of their response to State Farm's motion for summary judgment, is that as a substance abuse facility, they are expressly exempt from the adult foster care licensing requirements by Mich. Comp. Laws § 400.703(h) which provides as follows: "An establishment commonly described as an alcohol or a substance abuse rehabilitation center, a residential facility for persons released from or assigned to adult correctional institutions, a maternity home, or a hotel or rooming house that does not provide or offer to provide foster care." Without expressing any opinion as to the viability of this position, the Court notes that the Sixth Circuit's observation in dicta that the scant evidence that was provided as to Morgan's treatment indicated that he required treatment by a licensed adult foster care facility cannot be read as necessarily supporting an inference of fraudulent intent on Plaintiffs' part on the licensing issue.

7

claims with respect to payment for his treatment were fraudulent or manufactured.

The Michigan Court of Appeals addressed a similar argument in *Krywy v. State Farm Mut. Auto. Ins. Co.*, No. 274663, 2008 WL 1836385 at * 3 (Mich. Ct. App. April 24, 2008) (unpublished) where the trial court granted a directed verdict in favor of State Farm based upon plaintiff's "fundamental failure of proof" that the charges claimed were reasonable. The court of appeals, affirming the trial court's denial of State Farm's motion for attorney fees under Mich. Comp. Laws § 500.3148(2) held that, "although the fees were facially excessive and the trial record was devoid of evidence that would justify them, defendant never affirmatively established that they were either 'fraudulent or manufactured.'" *Id*. Similarly in the instant case, the record, which contained no evidence as to the specifics of Morgan's treatment, could not support a finding that the fees that Plaintiff claimed were either fraudulent or manufactured.

## IV. CONCLUSION

For the foregoing reasons, the Court:

(1) **DENIES** State Farm's Objections to the Magistrate Judge's August 31, 2010 Report and Recommendation (Dkt. No. 69);

(2) **ADOPTS** the Magistrate Judge's August 31, 2010 Report and Recommendation (Dkt. No. 69); and

(3) **DENIES** State Farm's Motion for Attorney's Fees Pursuant to Mich. Comp. Laws § 500.3148(2) (Dkt. No. 58.)[5]

---

[5] The Court also agrees with Magistrate Judge Komives' conclusion that paralegal fees, which are a subset of the attorney's fees requested by State Farm, are similarly not recoverable in this case. The Court also agrees with the Magistrate Judge's conclusion that Section 500.3148(2) does not mention "expenses," and State Farm has provided the Court with no authority that such amounts are contemplated by and properly recoverable under that section.

**IT IS SO ORDERED.**

                                          S/Paul D. Borman
                                          PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

Dated: December 20, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 20, 2010.

                                          S/Denise Goodine
                                          Case Manager